## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-60914

UMG Recordings, Inc.; Capitol Records, LLC;
Universal Music Corp.; Universal Music – Z
Tunes LLC; Universal Musica, Inc.; PolyGram
Publishing, Inc.; Songs of Universal, Inc.; and
Universal Music - MGB NA LLC,

        Plaintiffs,

vs.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy;
and Jack Owoc, an individual,

        Defendants.

_____/

## VITAL PHARMACEUTICALS, INC. *D/B/A* BANG ENERGY'S ANSWER TO PLAINTIFFS' COMPLAINT

1. Answering Paragraph 1 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint and on that basis deny those allegations.

2. Answering Paragraph 2 of Plaintiffs' Complaint, Defendants admit Bang Energy is an energy drink and sports nutrition supplement. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of Plaintiffs' Complaint, Defendant Defendants admit Bang Energy markets its products on social media. Defendants deny the remaining allegations in Paragraph 3 of the Complaint. Admit followers on the account but these numbers are not static

4.      Answering Paragraph 4 of Plaintiffs' Complaint, Defendants admit the images included in Paragraph 4 of Plaintiffs' Complaint could have appeared on a Bang Energy social media post.  Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Answering Paragraph 5 of Plaintiffs' Complaint, Defendants admit they relied on representations made by TikTok concerning the use of music with videos.  Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Answering Paragraph 6 of Plaintiffs' Complaint, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Answering Paragraph 7 of Plaintiffs' Complaint, Defendants admit that Plaintiffs filed this action under the copyright laws of the United States, but deny that there has been any wrongdoing.

8.      Answering Paragraph 8 of Plaintiffs' Complaint, Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claims.  Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit Vital Pharmaceuticals, Inc. is a Florida corporation and conducts business in Florida, and Mr. Owoc is domiciled in Florida.  Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Answering Paragraph 10 of Plaintiffs' Complaint, Defendants deny there has been any unlawful conduct by Defendants giving rise to the claims in this case. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10 and therefore deny those claims.

## **THE PARTIES**

11.     Answering Paragraph 11 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint and on that basis deny those allegations.

12.     Answering Paragraph 12 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis deny those allegations.

13.     Answering Paragraph 13 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis deny those allegations.

14.     Answering Paragraph 14 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis deny those allegations.

15.     Answering Paragraph 15 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and on that basis deny those allegations.

16.     Answering Paragraph 16 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and on that basis deny those allegations.

17.     Answering Paragraph 17 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and on that basis deny those allegations.

18.     Answering Paragraph 18 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and on that basis deny those allegations.

19.     Answering Paragraph 19 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and on that basis deny those allegations.

20.     Answering Paragraph 20 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and on that basis deny those allegations.

21.     Answering Paragraph 21 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint and on that basis deny those allegations.

22.     Answering Paragraph 22 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint and on that basis deny those allegations.

23.     Answering Paragraph 23 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and on that basis deny those allegations.

24.     Answering Paragraph 24 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint and on that basis deny those allegations.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

25.     Answering Paragraph 25 of Plaintiffs' Complaint, Defendants admit Vital Pharmaceuticals, Inc. is a Florida corporation located in Broward County. Defendants deny all remaining allegations of Paragraph 25 of the Complaint.

26.     Answering Paragraph 26 of Plaintiffs' Complaint, Defendants admit Mr. Owoc is the Chief Executive Officer of Vital Pharmaceuticals, Inc. and is domiciled in the State of Florida. Defendants deny all remaining allegations of Paragraph 26 of the Complaint.

## FACTS APPLICABLE TO ALL CLAIMS

27.     Answering Paragraph 27 of Plaintiffs' Complaint, Defendants admit certain statements appear on the Bang Energy website.  Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Answering Paragraph 28 of Plaintiffs' Complaint, Defendants admit Bang Energy is sold in the United States and internationally.  Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Answering Paragraph 29 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and on that basis deny those allegations.

30.     Answering Paragraph 30 of Plaintiffs' Complaint, Defendants admits Bang Energy uses social media for its marketing.  Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and on that basis deny those allegations.

31.     Answering Paragraph 31 of Plaintiffs' Complaint, Defendants admits Bang Energy has utilized social media influencers including Le and Tanner.  Bang Energy also admits it has an in-house video team.  To the extent the allegations of Paragraph 31 seek to paraphrase or

characterize the contents of a website, the website speaks of itself.  Defendants deny all remaining allegations in Paragraph 31.

32.     Answering Paragraph 32 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and on that basis deny those allegations.

33.     Answering Paragraph 33 of Plaintiffs' Complaint, Defendants admit influencers receive compensation and exposure.  Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

34.     Answering Paragraph 34 of Plaintiffs' Complaint, Defendants admit they operate TikTok accounts and have a varying amount of followers on those accounts. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.     Answering Paragraph 35 of Plaintiffs' Complaint, Defendants admit Bang Energy has a successful social media following. To the extent the allegations of Paragraph 35 seek to paraphrase or characterize the contents of a website, the website speaks for itself.  Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.     Answering Paragraph 36 of Plaintiffs' Complaint, Defendants state Paragraph 36 is Plaintiff's opinion to which Defendant is not obligated to respond.  To the extent a response is required, Defendants admit Bang Energy has social media visibility but deny all remaining allegations in Paragraph 36 of the Complaint.

37.     Answering Paragraph 37 of Plaintiffs' Complaint, Defendants admit they have posted videos on TikTok accounts utilizing music provided to Bang Energy by TikTok. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

38.     Answering Paragraph 38 of Plaintiffs' Complaint, Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Answering Paragraph 39 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint and on that basis deny those allegations.

40.     Answering Paragraph 40 of Plaintiffs' Complaint, Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Answering Paragraph 41 of Plaintiffs' Complaint, Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Answering Paragraph 42 of Plaintiffs' Complaint, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Answering Paragraph 43 of Plaintiffs' Complaint, Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Answering Paragraph 44 of Plaintiffs' Complaint, Defendants admit in-house counsel communicated in the first quarter of 2021.  Defendants deny all remaining allegations in Paragraph 44 of the Complaint.

45.     Answering Paragraph 45 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Complaint and on that basis deny those allegations.

46.     Answering Paragraph 46 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 46 of the Complaint and on that basis deny those allegations.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

47.     Answering Paragraph 47 of Plaintiffs' Complaint, Defendants admit it filed a lawsuit against Monster Energy.  Defendants deny all remaining allegations in Paragraph 47 of the Complaint.

48.     Answering Paragraph 48 of Plaintiffs' Complaint, Defendants deny the allegations in Paragraph 48 of the Complaint.

### COUNT I
### COPYRIGHT INFRINGEMENT
### (By the Record Company Plaintiffs against the Bang Defendants)

49.     Defendants incorporate by references its responses to Paragraphs 1 through 48 of the Complaint.

50.     Paragraph 50 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Paragraph 51 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

GORDON REES SCULLY MANSUKHANI
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

54.     Paragraph 54 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Paragraph 55 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

<u>**COUNT II**</u>
**COPYRIGHT INFRINGEMENT**
**(By the Music Publisher Plaintiffs against the Bang Defendants)**

56.     Defendants incorporate by references its responses to Paragraphs 1 through 55 of the Complaint.

57.     Paragraph 57 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaints.

59.     Paragraph 59 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Paragraph 60 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

61.     Paragraph 61 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

**COUNT III**
**CONTRIBUTORY/VICARIOUS COPYRIGHT INFRINGEMENT**
**(By the Record Company Plaintiffs against the Bang Defendants)**

63.     Defendants incorporate by references its responses to Paragraphs 1 through 62 of the Complaint.

64.     Paragraph 64 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Paragraph 65 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Paragraph 67 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67 of the Complaints.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

68.     Paragraph 68 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Paragraph 70 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

**COUNT IV**
**CONTRIBUTORY/VICARIOUS COPYRIGHT INFRINGEMENT**
**(By the Music Publisher Company Plaintiffs against the Bang Defendants)**

71.     Defendants incorporate by references its responses to Paragraphs 1 through 70 of the Complaint.

72.     Paragraph 72 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Paragraph 73 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

75.     Paragraph 75 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Paragraph 76 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Paragraph 78 of Plaintiffs' Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 78 of the Complaint.

## **GENERAL DENIAL**

Defendants deny each and every allegation and prayer for relief asserted in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendants identify the following affirmative defenses and reserve the right to raise additional defenses as discovery proceeds.  Defendants do not assume the burden of proof on any issue, however characterized, on which it does not bear that burden.  Defendants reserve all affirmative defenses not stated herein under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or in equity that may now exist or in the future be available based upon discovery and further investigation in this case.

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

1.      The Complaint, and each cause of action within it, fails to state facts sufficient to constitute a cause of action.

2.      The statute of limitations bars Plaintiffs' claims to the extent Plaintiffs allege infringements that accrued outside the three-year limitations period, including any applicable tolling of the limitations period.

3.      Plaintiffs' claims are barred or its damages are limited because any infringement was innocent.

4.      Plaintiff's claims are barred by Plaintiffs' license, consent, and acquiescence to the use alleged as infringement.

5.      The doctrine of unclean hands bars Plaintiffs' claims.

6.      Plaintiffs' claims are barred by the doctrine of copyright misuse.

7.      Plaintiffs' failure to mitigate damages bars their claims limits their recovery.

8.      To the extent that Plaintiffs rely upon copyright registrations that rest upon misstatements or fraud, those misstatements or fraud bar Plaintiffs' claims.

9.      To the extent that Plaintiffs failed to comply with renewal, notice, and registration requirements and/or other formalities, Plaintiffs' claims are barred.

10.     Plaintiffs' claims are barred for failure to join a necessary and indispensable parties.

11.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the U.S. Constitution.

12.     Application of the Copyright Act and its remedies to the conduct of the Influencer Videos would violate due process.

13.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use, outlined in Section 107 of the Copyright Act, 17 U.S.C. § 107.

14.     Plaintiffs' damages, if any, were caused, in whole or in part, by the negligence or other fault of Plaintiffs, Plaintiffs' agents, independent third parties, and/or events that were not reasonably foreseeable and/or independent of and removed from any conduct by Defendants.

15.     Plaintiffs' claims are barred in whole or in part due to their own conduct and actions, including, without limitation, conduct that constitutes unfair and deceptive business practices and interference with business.

16.     Plaintiffs' claims are barred in whole or in part for failure to meet the statutory prerequisites under the Copyright Act.

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, and/or ratification.

Dated: July 6, 2021.

GORDON REES SCULLY MANSUKHANI
*s/ Andrew R. Schindler*
FBN 124845
*aschindler@grsm.com*

100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Tel: (305) 428-5329
*Attorneys for Jack Owoc*
*and Vital Pharmaceuticals, Inc.*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2021, a true and correct copy of the foregoing was filed with the Court's CM/ECF which will provide Notice of Filing to those registered to receive notices in this action, including the counsel identified in the Service List below.

## SERVICE LIST

James G. Sammataro
Brendan S. Everman
Pryor Cashman LLP
201 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
jsammataro@pryorcashman.com
beverman@pryorcashman.com
ksuarez@pryorcashman.com

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131