**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:21-cv-60914-Dimitrouleas/Snow

UMG Recordings, Inc.; Capitol Records, LLC;
Universal Music Corp.; Universal Music – Z
Tunes LLC; Universal Musica, Inc.; PolyGram
Publishing, Inc.; Songs of Universal, Inc.; and
Universal Music - MGB NA LLC,

          Plaintiffs,

v.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy,
and Jack Owoc, an individual,

          Defendants.

_____/

## PLAINTIFFS' MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES

Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4) and Local Rules 7.1 and

7.6, plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Universal

Music – Z Tunes LLC; Universal Musica, Inc.; PolyGram Publishing, Inc.; Songs of Universal,

Inc.; and Universal Music - MGB NA LLC (collectively, "Plaintiffs") respectfully request that the

Court grant a three-month continuance of trial and all of Plaintiffs' pretrial deadlines due to the

flagrant and calculated abuse of the discovery process perpetrated by defendants Vital

Pharmaceuticals, Inc. *d/b/a* Bang Energy ("Bang") and Jack Owoc ("Owoc") (together,

"Defendants").

## INTRODUCTION

This motion is necessitated by the fact that Defendants have contemptuously shirked their

discovery obligations and mired this case in procedural muck.

Through this action, Plaintiffs seek to hold Defendants accountable for their massive and

willful campaign of copyright infringement.  Bang is an energy drink company that spends ***tens of millions*** annually building its billion-dollar brand through videos posted on popular social media platforms, including TikTok.  While Defendants spend lavishly on their TikTok videos and social media ambassadors ("Bang Influencers"), Defendants have paid ***nothing*** for the music that serves as the soundtrack for their modern-day commercials.  Specifically, Defendants have knowingly failed to pay for licenses to use Plaintiffs' copyrighted musical works, including hit songs from The Jackson 5, Justin Bieber, Diana Ross and Ariana Grande.  Moreover, Defendants continued infringing Plaintiffs' copyrights even after Plaintiffs demanded they stop.  As a result, Plaintiffs had no choice but to sue Defendants to stop the pervasive and ongoing infringement.

Since filing the Complaint, Plaintiffs have diligently pursued the discovery needed to prosecute this case.  In particular, since serving written discovery on August 9, 2021, Plaintiffs have tirelessly met and conferred with Defendants and already filed two (soon to be four) motions to compel.  Despite Plaintiffs' diligence, as well as the Court's Order compelling Defendants to fully respond to discovery by February 25, 2022 (the "Order") (D.E. 33), Defendants recently admitted that they did not engage a third-party vendor, run a "targeted search" for responsive documents, or "assemble a team of reviewers" until ***after*** the Court's Order.  Worse, Defendants project that it will likely take ***months*** for them to produce all responsive documents.  (*See* D.E. 41).  The missing discovery includes the infringing social media videos at issue in this case as well as unredacted versions of the Bang Influencer agreements.  Defendants have also inexplicably refused to provide deposition dates for Owoc and improperly withheld damning communications under a misplaced claim of privilege.

Due to Defendants' discovery misconduct, Plaintiffs have been denied critical discovery needed to fully develop their case and to comply with the current Scheduling Order (D.E. 39).

Indeed, Plaintiffs will be unable to: (a) take informed depositions of all parties and witnesses by April 15, 2022; (b) file a dispositive motion by April 29, 2022; (c) prepare an expert damages report by May 12, 2022; or (d) prepare for trial set for August of 2022.  Absent a continuance, Plaintiffs will be severely prejudiced.  Further, if the Defendants' deadline to take discovery is extended, Defendants will be rewarded for their obstruction.

Accordingly, the Court should grant a three-month continuance of trial and all pretrial deadlines (except for Defendants' deadline to take discovery), sanction Defendants, and/or schedule a status conference to discuss an appropriate case schedule.

## BACKGROUND

**A.**    **Defendants Knowingly Infringed Plaintiffs' Famous, Copyrighted Musical Works on Social Media**.

Plaintiffs initiated this action on April 28, 2021.  (D.E. 1).  As alleged in the Complaint, Plaintiffs own and/or control the copyrights for many of the world's most popular songs.  (*Id.* ¶¶ 1, 14).  Bang is an energy drink company that has relied on aggressive social media marketing to rapidly gain market share in the highly competitive energy drink market.  (*Id.* ¶¶ 4, 29-30).  Owoc is Bang's CEO.  (*Id.* ¶ 3).  Defendants' marketing strategy has involved the creation of their own videos as well as partnerships with popular Bang Influencers who create music-centric videos prominently featuring Bang products.  (*See id.* ¶¶ 31-32).

Defendants proudly boast that their modern-day commercials have been viewed billions of times.  (*Id.* ¶¶ 34-35).  Indeed, following a recent arbitration hearing, Defendants presented sufficient evidence to convince the arbitrator that a "meaningful portion" of its "enormous success" is attributable to Defendants' "brilliant" social media and influencer marketing strategy that "clicked with the under 30 crowd."  (**Exhibit 1**, Arbitration Award, *Vital Pharmaceuticals v. Monster Energy Company*, at 35-36).  However, Defendants knowingly failed to pay for the

licenses required to use Plaintiffs' copyrighted musical works in their social media advertisements. (*See* Compl. ¶ 41; Exs. 1 & 2).  When asked by Plaintiffs for evidence of licenses, Bang's counsel baldly (and incorrectly) asserted that "TikTok provides use of these songs, and others, with a license to all of its members" and refused to remove the videos.  (*Id.* ¶¶ 44-48).

Based on these allegations, Plaintiffs sued Defendants for direct copyright infringement for videos posted on their own social media accounts.  (*Id.* ¶¶ 49-62).  Plaintiffs also asserted claims for contributory/vicarious infringement based on the videos posted by the Bang Influencers on their personal accounts.  (*Id.* ¶¶ 63-78).  While the Complaint specifically identifies more than 100 infringing videos on TikTok (*see id.* Exs. 1 & 2), the Complaint notes that discovery would likely reveal that Defendants have posted additional infringing videos on other social media platforms, including YouTube and Instagram (*Id.* ¶ 43).  As a result, "Plaintiffs expressly reserve[d] the right to amend th[e] Complaint to assert additional claims for infringement . . . as it uncovers such infringement during the course of discovery."  (*Id.*)

On July 6, 2021, Defendants filed an answer and asserted 17 affirmative defenses alleging, among other things, that any copyright infringement was "innocent" (thereby potentially reducing the statutory damages awardable to Plaintiffs) due to Defendants' belief that TikTok provided them with a license to use Plaintiffs' music for commercial purposes.  (*See* D.E. 11, Aff. Def. 3).

**B.      Plaintiffs Diligently Pursued Discovery**.

After Defendants filed their answer, Plaintiffs promptly initiated discovery.  Specifically, Plaintiffs coordinated the Rule 26(f) conference on July 16, 2021, and filed the Joint Scheduling and Discovery Report on July 22, 2021 (D.E. 16).  On August 9, 2021, Plaintiffs propounded

written discovery.[1]  Plaintiffs' written discovery sought, among other things:

- A *list* of videos, as well as the *actual videos*, posted by Defendants on social media platforms incorporating copyrighted musical works (RFP Nos. 29, 31-32; Rog. No. 5);

- Agreements between Defendants and the Bang Influencers (RFP No. 1);

- Policies and procedures applicable to the social media accounts of Defendants and the Bang Influencers (RFP Nos. 2, 4);

- Instructions provided to the Bang Influencers about the use of music in their social media videos (RFP No. 3; Rog. No. 11);

- Documents (such as communications with representatives of the social media platforms) that Defendants profess to have relied upon in using Plaintiffs' copyrighted music without a direct license from Plaintiffs.  (*See* RFP Nos. 15-16, 19-20, 25-26; Rog Nos. 6-8);

- Documents justifying Defendants' "innocent" infringement defense (RFP No. 39; Rog No. 14); and

- The license fees that Bang has paid to third parties to use copyrighted musical works to promote Bang (RFP No. 14; Rog. No. 1).

## C.      **Defendants Purposefully Thwarted Discovery**.

If Defendants had promptly commenced a thorough search for responsive documents and

information in August of 2021, Defendants would have had ample time to respond to discovery.[2]

Instead, on September 9, 2021 (one day after its response deadline had lapsed), Defendants served

woefully deficient discovery responses replete with boilerplate objections in violation of the

---

[1] Plaintiffs could not serve discovery before the Rule 26(f) conference on July 16, 2021.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").  The three-week delay in serving discovery after the conference was due to the fact that Plaintiffs' counsel took a pre-planned family vacation from July 21 through August 2, 2021.  (Everman Decl. ¶ 4).

[2] Pursuant to the Court's initial Scheduling Order entered on July 26, 2021, the parties were required to amend the pleadings by October 15, 2021; complete discovery by February 25, 2022; file dispositive motions by March 25, 2022; file *Daubert* motions by April 18, 2022; and proceed to trial during the two-week period beginning June 20, 2022.  (D.E. 17 at 1–2).

Court's Discovery Order (D.E. 18).  (*See* Everman Decl. ¶ 5 & Ex. 1).  To avoid a motion to compel, Defendants quickly agreed to serve amended responses and objections.  (*See* Everman Decl. ¶ 6 & Ex. 2).  The parties then exchanged numerous meet and confer emails resulting in Defendants' agreement, on October 6, 2021, to withdraw the majority of their objections and to amend their discovery responses.  (*See* Everman Decl. ¶ 7 & Ex. 3).  Thereafter, Defendants repeatedly missed their own deadlines to amend their discovery responses and to produce documents.  (*See* Everman Decl. ¶ 8 & Ex. 4).

On December 1, 2021, Defendants finally served their long-promised amended discovery responses and made an initial document production consisting of only 39 pages of documents. (*See* Everman Decl. ¶ 9).  On December 6, 2021, Plaintiffs sent another meet and confer email regarding the numerous glaring discovery deficiencies with the amended discovery responses. (*See* Everman Decl. ¶ 10 & Ex. 5).  After multiple rounds of conferral efforts, Defendants agreed on January 5, 2022 to withdraw almost all their remaining objections and to produce what should be a voluminous set of responsive documents.  (*See* Everman Decl. ¶ 11 & Ex. 6).  Defendants refused, however, to commit to producing those documents by a date certain.  (*Id.*)  As a result, on January 10, 2022, Plaintiffs filed a motion seeking to compel the immediate production of all responsive documents and information, including Defendants' agreements with their top Bang Influencers.  (D.E. 29).

**D.      Defendants Ignored and Violated the Court's Order**.

On February 18, 2022, Magistrate Judge Snow overruled Defendants' objections and granted Plaintiffs' motion to compel.  (D.E. 33).[3]  The Order found that "Defendants have been

---

[3] The motion was denied only to the extent that Plaintiffs' sought an award of attorneys' fees.

provided with enough time" to respond to discovery and required them to fully respond to discovery by February 25, 2022. (*Id.* at 6, 9). The Order also compelled the production of Bang's agreements with its biggest Bang Influencers. (*Id.* at 8).

Despite this clear Order, Defendants did not fully respond to discovery by February 25, 2022. As a result, Plaintiffs had to file a second motion to compel and for sanctions. (D.E. 40). In its opposition filed on April 1, 2022, Defendants finally revealed why they could not commit to responding to discovery sooner: they never made an honest attempt to search for responsive documents. Indeed, by their own admission, Defendants did not engage a third-party vendor, run a "targeted search," or "assemble a team of reviewers" until ***after*** the Court's Order dated February 18, 2022. (*See* D.E. 41). Moreover, at their current rate of review, Defendants will not fully respond to discovery for several more months. By that time, it will be: (i) nearly ***one year*** since Plaintiffs served the discovery requests; and (ii) ***after*** the current deadlines to complete discovery (April 15, 2022), file dispositive motions (April 29, 2022), and serve expert reports (May 12, 2022) have already passed. (*See* D.E. 39).

In addition to failing to timely respond to written discovery, Defendants have thwarted discovery in a number of other ways. Specifically, Defendants have also:

- refused to provide dates for the deposition of Owoc (even though the Court previously ordered him to provide his availability (*see* D.E. 33));

- failed to produce the infringing social media videos at issue in this case;

- redacted highly relevant communications based on a misplaced claim of privilege;

- produced agreements with the top Bang Influencers that are so heavily redacted as to be effectively meaningless; and

- served boilerplate objections to Plaintiffs' second set of discovery requests.

As explained below, Defendants' failure to comply with the Court's discovery Order and

failure to honor their discovery obligations constitutes good cause for a three-month continuance of trial and all pretrial deadlines.

**ARGUMENT**

**1.      A Continuance May Be Granted for "Good Cause."**

Local Rule 7.6 provides that, "upon written notice served and filed at the earliest practical date prior to the trial . . . and supported by . . . a full showing of ***good cause***, a continuance may be granted by the Court."  S.D. Fla. L. R. 7.6 (emphasis added).  Similarly, "[a] schedule may be modified only for ***good cause*** and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added); *see also* Fed R. Civ. P. 6(b)(1).

Generally, the Eleventh Circuit considers four factors in determining whether a "continuance is warranted," including: (1) "the diligence of the party requesting the continuance to ready the case prior to the date set for trial"; (2) "the likelihood that the need for a continuation could have been met if a continuance was granted"; (3) "the extent to which granting the continuance would . . . be[ ] an inconvenience to the court and the opposing party"; and (4) "the extent to which the requesting party might . . . suffer[ ] harm as a result of the . . . denial of the continuance." *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1005 (11th Cir. 2017).  Courts in this Circuit routinely grant continuances where, as here, a party's failure to comply with its discovery obligations prejudices the other party's ability to comply with a Scheduling Order. *See, e.g.*, *Blue Heron Commercial Group, Inc. v. Webber*, 2:18-CV-467, 2018 WL 6045252, at *6 (M.D. Fla. Nov. 19, 2018) (finding good cause for extending deadlines due to defendants' late discovery responses and lack of cooperation in scheduling depositions); *Pippen v. Georgia-Pac., LLC*, 1:07-CV-1565, 2008 WL 11336682, at *4 (N.D. Ga. June 4, 2008) (finding good cause because "discovery remains outstanding and depositions in the case have not yet been taken").

2.      **Plaintiffs Cannot — Despite Their Diligence — Comply with the Court's Scheduling Order**.

All relevant factors support a continuance here.

*First*, Plaintiffs have been diligent in preparing their case for trial.  Specifically, Plaintiffs promptly served written discovery in August of 2021. After receiving deficient responses, Plaintiffs extensively met and conferred with Defendants in order to avoid needlessly burdening the Court.  Those efforts resulted in Defendants withdrawing almost all their meritless objections, but Plaintiffs still had to file two (and counting) motions to compel.  Unfortunately, even this Court's Order compelling Defendants to fully respond to discovery by February 25, 2022, did not provoke Defendants to comply with their discovery obligations.  Instead, the Court's Order apparently spurred Defendants to finally *start* a meaningful search for responsive documents and information.  At the current rate of review, it will take several more months for Defendants to fully respond to Plaintiffs' written discovery requests served more than eight months ago.  Due to their delay, it is Defendants, not Plaintiffs, who should have requested this extension.

*Second*, the requested three-month continuance should be sufficient to enable Plaintiffs to prepare their case for trial — assuming, of course, that Defendants actually comply with their discovery obligations.  According to Defendants' opposition brief filed on April 1, 2022 (*see* D.E. 41), Defendants should fully respond to discovery within the next few months.  If the requested three-month continuance is granted and Defendants respond to discovery within their expected time frame, Plaintiffs should be able to meet the Court's deadlines.

*Third*, if the requested continuance is granted, the inconvenience to the Court should be minimal.  For their part, Defendants should not be heard to complain about any inconvenience, as the needed extension is a direct byproduct of their delay.

*Fourth*, absent a continuance, the harm to Plaintiffs would be substantial.  Specifically,

several critical deadlines would pass before Defendants fully (and finally) respond to written discovery and comply with the Court's Order.  As referenced above, Defendants still have not produced a list of videos or the actual videos they posted on social media that incorporate copyrighted musical works.  Without that information, Plaintiffs cannot identify each infringement or quantify their damages in their motion for summary judgment (due April 29) or expert damages report (due May 12).  As a result, Plaintiffs may be unable to recover the full damages in this case and may have to file another lawsuit to recover those damages.

Additionally, Defendants have not yet fully responded to discovery relating to other highly relevant areas of inquiry.  In particular, Defendants have not produced unredacted versions of their agreements with the top Bang Influencers or the instructions provided to those influencers about the use of copyrighted musical works in their promotional videos for Bang.  Plaintiffs need that information to take informed depositions of relevant Bang Influencers and to identify vicarious infringements (and to calculate the corresponding damages).  Defendants also have not produced all evidence that allegedly supports — or, more accurately, undermines — their "innocent infringement" defense.

There is a choreography to litigation that begins with the production of responsive documents and complete interrogatory responses.  Due to Defendants' failure to timely comply with the Court's Order and to fully respond to written discovery, Defendants have prevented Plaintiffs from employing this choreography and properly developing their case for trial in compliance with the Scheduling Order (D.E. 39).  To avoid any prejudice, Defendants respectfully request the following modifications to the Scheduling Order:

| Event: | Current Deadline: | Proposed Deadline: |
| --- | --- | --- |
| Discovery Cutoff | April 15, 2022 | July 15, 2022 (Plaintiffs' deadline only) |
| Substantive Pretrial Motions | April 29, 2022 | July 29, 2022 |
| Expert Reports | May 12, 2022 | August 12, 2022 |
| Rebuttal Expert Reports | June 17, 2022 | September 16, 2022 |
| Daubert Motions | July 1, 2022 | September 30, 2022 |
| Trial | August 2022 | November 2022 |

While the new deadlines would generally apply to both parties, Plaintiffs respectfully request that the discovery extension apply to Plaintiffs only. Indeed, if Defendants' discovery deadline were extended, Defendants would be rewarded for their discovery obstruction and violation of the Court's Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court amend the Scheduling Order (D.E. 39) as set forth above, sanction Defendants (such as by assessing reasonable attorneys' fees and costs incurring in bringing this motion), schedule a status conference to discuss an appropriate case schedule, and/or grant any other relief that the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Plaintiffs' counsel certify that they have conferred in good faith with Defendants' counsel but have been unable to resolve the issues addressed in this

motion.  Specifically, Plaintiffs sent an email to Defendants on April 11, 2022 and spoke with

Defendants on April 12, 2022.  Defendants oppose this motion.

Dated:  April 13, 2022                                    Respectfully submitted,

                                                    **PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile:  (786) 582-3004

*s/ James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
Brendan S. Everman
Florida Bar No. 68702
jsammataro@pryorcashman.com
beverman@pryorcashman.com
ksuarez@pryorcashman.com

*Attorneys for Plaintiffs*