UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-60914-CIV-DIMITROULEAS/SNOW

UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Universal Music – Z Tunes LLC; Universal Musica, Inc.; PolyGram Publishing, Inc.; Songs of Universal, Inc.; and Universal Music – MGB NA LLC,

    Plaintiffs,

v.

Vital Pharmaceuticals, Inc., *d/b/a* Bang Energy; and Jack Owoc, an individual,

    Defendants.

_____

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

Defendants, Vital Pharmaceuticals, Inc., *d/b/a* Bang Energy, and Jack Owoc, by and through their undersigned counsel, pursuant to Local Rule 56.1, hereby file their Statement of Material Facts in support of their Motion for Summary Judgment.

1. Founded in 1993, Vital Pharmaceuticals manufactures and sells the popular Bang Energy drink. Concurrently filed Declaration of Megan Owoc ("Owoc Decl.") at ¶ 4.

2. Jack Owoc owns Vital Pharmaceuticals. Owoc Decl. at ¶ 5.

3. Bang Energy makes regular posts on TikTok and thousands of posts across all online platforms. Owoc Decl. at ¶ 8.

4. TikTok is a social media site centered around short videos that launched in August 2018, and contains a built-in music library of songs which users can include in videos posted on its platform. Users do not have to exit the application or upload their own music. TikTok videos were initially limited to 15 second durations but more recently the maximum duration has

increased. Concurrently filed Declaration of Peter Kent ("Kent Decl.") at ¶ 15, 16, 17.

5. TikTok has licensing agreements with record labels for the use of the songs owned by the respective labels. Under TikTok's agreement with Plaintiffs, Plaintiffs are paid not only a flat fee for access to the asserted works, and also a "per creation fee." Concurrently filed Declaration of Jill J. Ormond ("Ormond Decl.") at Ex. A, Deposition of Stephan Dallas, at 58:16-59:16.

6. In 2020 Bang Energy expanded its social media marketing to include TikTok. Owoc Decl. at ¶ 9; *see also* Ormond Decl. at Ex. B, Deposition of Megan Owoc ("Deposition of Owoc"), at 36:25-37:2.

7. No warning was provided by TikTok to Bang Energy that the songs TikTok provided could not be used in videos posted by businesses, such as Bang Energy. Owoc Decl. at ¶ 10.

8. Bang Energy used TikTok as it was intended, posting videos utilizing the music that TikTok provided. Owoc Decl. at ¶ 11.

9. Energy understood from TikTok that TikTok had purchased licenses for to the songs in the library for use in 15 second videos. Ormond Decl. at Ex. B, Deposition of Owoc, at 60:4-61:18.

10. In March 2020, Bang was expressly informed by a TikTok representative that as part of Bang Energy's social media advertising use of TikTok, Bang Energy "would have access to [Tiktok's] music library." Ormond Decl. at Ex. B, Deposition of Owoc, at 64:4-16; 69:4-22; 73:7-75:3; Ormond Decl. at Ex. C, Exhibit 7 to the Deposition of Owoc, at 4.

11. Prior to March 2020 during a videoconference a TikTok representative indicated that Bang Energy had access to music and, during that conference, helped Bang Energy create a

video using TikTok's music library. Owoc Decl. at ¶ 12; *Id*. at Ex. A; Ormond Decl. at Ex. B, Deposition of Owoc, at 78:10-79:21.

12. Up until Bang Energy received a communication from Plaintiffs it never had any reason to believe that its use of TikTok's music library was unlicensed. Owoc Decl. at ¶ 13; Ormond Decl. at Ex. B, Deposition of Owoc, at 93:21-96:13.

13. Bang Energy has detailed written corporate policies, which it updates regularly, aimed at avoiding unauthorized use of the intellectual property of others. Owoc Decl. at ¶ 14; Ormond Decl. at Ex. B, Deposition of Owoc, at 29:13-23; 45:19-21; 51:16-21; 49:8-14.

14. Bang Energy has in place multistep review processes aimed at assuring that no copyrighted material is used inappropriately. Prior to receiving notice from Plaintiffs,' due to its good faith understanding that the music was free to use on the platform, Bang Energy did not police TikTok posts for copyrighted music. Owoc Decl. at ¶ 15; Ormond Decl. at Ex. B, Deposition of Owoc, at 39:17-40:21; 49:8-14; 53:5-11.

15. After receipt of notice Bang Energy removed or made inaccessible posts with which Plaintiffs' raised issue and since that time Bang Energy uses only its own proprietary music library for TikTok posts. Owoc Decl. at ¶16; Ormond Decl. at Ex. B, Deposition of Owoc, at 153:8-154:5; 156: 12-15.

16. In December 2020, Bang Energy approach Universal regarding a potential license to a catalog of music for a new project it was contemplating. During initial communications, on December 3, 2020, a representative of Universal indicated that Universal "would also love to sort out the attached list of unauthorized uses by Bang Energy for use on TikTok." Within hours, in-house counsel for Universal Ms. Cho emailed to ask Bang Energy to immediately delete the referenced attachment, which Bang Energy confirmed it did. Ormond Decl. at Ex. D,

UMG000013-18, at UMG000013-14.

17. On January 15, 2021, Bang Energy was sent a file purportedly listing videos that included Universal copyrighted works and requesting evidence of Bang Energy's license to use the works. Bang Energy's Chief IP Counsel responded noting Bang Energy's "understanding is that TikTok provides the use of these songs, and others, with a license to all of its members." Ormond Decl. at Ex. E, Bang Energy 0081-00865, at Bang Energy 0084-0085.

18. Bang Energy took down the posts disputed identified by Universal and discontinued use of music other than from its own proprietary library. Ormond Decl. B, Deposition of Owoc, at 153:8-154:5; 156: 12-15.

19. Plaintiffs' Exhibits 1 and 2 list Accused Videos and 78 copyrighted sound recordings, and 113 musical compositions "at issue" in this case. Ormond Decl. at Ex. F.

20. Plaintiffs produced no copyright registration and no other evidence of ownership for six purported copyrights. Ormond Decl. at ¶ 10; *Id*., at Ex. I, Chart 1, (highlighted) rows 6, 15, 16, 94, 95 and 131.

21. One of the Plaintiffs is the listed owner of only 57 of the 137 purported copyrights. Ormond Decl. at ¶12; *id*. at Ex. I at Column 5.

22. Thirty copyright registrations produced by Plaintiffs do not list the same artist or song title that Plaintiffs' Exhibits 1 & 2 identify as being infringed. Ormond Decl. at ¶ 13; *id*. at Ex. I, Chart 1, at Column 6. Thirteen of those 30 list a Plaintiff as owner. *Id*.

23. In response to Defendants' Interrogatory No. 9 directed to the identification of "the details of [Plaintiffs'] copyright ownership," Plaintiffs purported to respond pursuant to Federal Rule of Civil Procedure 33(d), but failed to specify the records that must be reviewed. Ormond Decl. at Ex. G, Response to Interrogatories, Response to Interrogatory Nos. 9 and 17.

24. Plaintiffs identified no "Post URL" for nine of the Accused Videos. Ormond Decl. at ¶ 14; *id.* at Ex. J, Chart 2, at Rows 11, 22, 45, 46, 57, 68, 73, 107, and 131; *see also id.* at Ex. F. [email and attachments].

25. Plaintiffs produced no video for the nine Accused Videos for which they did not identify a URL and for an additional 23 Accused Videos for a total of 34 Accused Videos for which Plaintiffs have not produced video. Ormond Decl. at ¶15; *id.* at Ex. J, Chart 2, (highlighted) at Rows 5, 11, 18, 20-23, 27, 28, 30, 40, 44-46, 57, 64, 68, 73-75, 83, 105, 107, 108, 115, 117 120-123, 125, 128, 129 and 131.

26. The video of three Accused Videos include no music. Ormond Decl. at ¶16; *id.* at Ex. J, Chart 2 (highlighted) at Rows 31, 32, and 114.

27. Plaintiffs have produce none of the copyrighted works asserted to be infringed by the Accused Videos. Ormond Decl. at ¶17.

**28.** Bang Energy does not produce or assist in the production of third-party influencer videos and does not select or have any input regarding the selection of music included in influencers' TikTok videos. Owoc Decl. at ¶17.

Dated:  April 29, 2022

Respectfully submitted,

*s/ Jill J. Ormond*
**ANDREW R. SCHINDLER**
FBN 124845
*aschindler@grsm.com*
**GORDON REES SCULLY MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Tel: (305) 428-5330

Jill J. Ormond, *Pro Hac Vice*
Gordon Rees Scully Mansukhani LLP
Two North Central Avenue, Suite 2200

5

**GORDON REES SCULLY MANSUKHANI**
Miami Tower, 100 S.E. Second Street, Suite 3900, Miami, FL 33131

Phoenix, AZ 85004
Tel: (602) 794-2491
Email: jormond@grsm.com

Susan B. Meyer, *Pro Hac Vice*
Gordon Rees Scully Mansukhani LLP
101 W Broadway, Suite 2000
San Diego, CA 92101
Tel: (619) 696-6700
Email: smeyer@grsm.com
*Attorneys for Jack Owoc and Vital Pharmaceuticals, Inc.*