UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-60914-CIV-DIMITROULEAS/HUNT

UMG Recordings, Inc.; Capitol Records,
LLC; Universal Music Corp.; Universal
Music – Z Tunes LLC; Universal Musica,
Inc.; PolyGram Publishing, Inc.; Songs of
Universal, Inc.; and Universal Music – MGB
NA LLC,

                Plaintiffs,

v.

Vital Pharmaceuticals, Inc., *d/b/a* Bang
Energy; and Jack Owoc, an individual,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before this Court upon Defendants' Reply in Support of Motion for Summary Judgment. ECF No. 112 ("The Reply"). The Honorable William P. Dimitrouleas referred a portion of the Reply, in which Defendants assert that "The Court Should Not Consider Any Purported Evidence Arising from Plaintiffs' Violation of Rules 26 and 37 of the Federal Rules of Civil Procedure," to the undersigned for determination. ECF No. 117; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Reply and the Court-ordered Response thereto, as well as the arguments of counsel at a June 24, 2022, hearing, the record, and applicable law, the undersigned hereby RECOMMENDS the relief requested by Defendants in that portion of their Reply be DENIED for the reasons set forth below.

Defendants argue that the Court should not consider for the purposes of summary judgment evidence that was not properly produced during the discovery period. Defendants contend Plaintiffs disclosed more than 1400 documents, as well as key audio and video files, shortly before Defendants' summary judgment motion was due, depriving Defendants of a meaningful opportunity to review the evidence prior to the submission of their motion.

Fed. R. Civ. P 37(c)(1) states that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiffs candidly admit that evidence was turned over late but argue that their belated disclosure should be allowed as both substantially justified and harmless.  "The nondisclosing party bears '[t]he burden of establishing that a failure to disclose was substantially justified or harmless.'" *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 692 (S.D. Ga. 2019) (*quoting Mitchell v. Ford Motor Co.,* 318 F. App'x 821, 824 (11th Cir. 2009)). "'[T]he district court has broad discretion in determining whether a violation is justified or harmless' under Rule 37." *Id.* (*quoting Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted)).

"An individual's discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Id.* (*quoting In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012)).  The late disclosure was substantially justified, Plaintiffs contend, because Defendants had access to ample

evidence necessary to make their case, and because it was, in fact, Defendants' own failure to produce that led to Plaintiffs' late disclosure. According to Plaintiffs, Defendants repeatedly delayed the production of videos that were exclusively in Defendants' control, and which were necessary for Plaintiffs to determine what discovery needed to be turned over. Plaintiffs also note that they identified witnesses several months prior to the deadline with knowledge of much of the information currently in dispute, but Defendants chose not to depose them. Likewise, some of the discovery was subject to an objection by Plaintiffs that Defendants failed to timely oppose, and other discovery was both not requested and unnecessary.

As for harmlessness, "a discovery mistake is harmless 'if it is honest [ ] and is coupled with the other party having sufficient knowledge that the material has not been produced.'" *Id.* (*quoting In re Delta/AirTran Baggage Fee Antitrust Litig.,* 846 F. Supp. at 1358). "Whether the opposing party suffered prejudice underlies the harmlessness determination." *Id*. (*citing Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010)). Plaintiffs argue that the tardy disclosure was harmless because, while late, Defendants had the discovery in their hands long before they filed a proper Response to Plaintiffs' Statement of Undisputed Facts. Indeed, Plaintiffs argue, Defendants' repeated failures regarding the Statement led the Court to declare admitted many of the disputed facts to which the discovery related. *See* ECF No. 133.

To the extent that this issue is still live following the Court's order deeming admitted several key facts,[1] the undersigned agrees with Plaintiffs that their disclosure was both

---

[1] *See* ECF No. 133. "Upon careful consideration, the Court agrees with Plaintiffs that, despite multiple admonishments and additional opportunities, Defendants' third attempt at a Response to Plaintiffs' Statement of Undisputed Facts [DE 29] still contains

substantially justified and harmless. As is clear from the docket, Defendants have had some difficulties complying with their discovery obligations, *see, e.g.*, ECF No. 116, and it is undisputed that both Parties turned over substantial evidence after the close of discovery. Defendants have not offered a convincing counter to Plaintiffs' allegations that it was Defendants' own lack of timely disclosure that resulted in Plaintiffs' belated discovery, and the undersigned therefore finds that Plaintiffs' late disclosures were substantially justified.

However, even were it not substantially justified, the undersigned finds the disclosures harmless given Defendants' repeated difficulties with their Statement of Facts and the subsequent sanctions. It is undisputed that Defendants had the documents in their hands well before their final attempt at filing a Response to Plaintiffs' Statement of Undisputed Facts. Given this, any necessary facts from the untimely discovery could have been reviewed and incorporated into that document. Accordingly, Defendants suffered no prejudice from Plaintiffs' tardy disclosures.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that the portion of Defendants' Reply in Support of Motion for Summary Judgment, ECF No. 112,

---

deficient responses that fail to comply with Local Rule 56.1 and this Court's Orders. Vague responses which are not limited to the specific subject matter of that particular dispute and/or which fail to clearly identify admissible evidence with pinpoint citations are insufficient for Defendants to create a genuine dispute of material fact. Challenges to timeliness or completeness or other alleged deficiencies of Plaintiffs' discovery responses are insufficient for Defendants to create a genuine dispute of material fact. The Court determines that granting by default Plaintiff's Motion for Partial Summary Judgment [61/83] is too harsh of a sanction. Rather, in adjudicating Plaintiff's Motion for Partial Summary Judgment [61/82] the Court will deem admitted each of Plaintiffs' facts where Defendants' response is noncompliant, so long as Plaintiffs' facts are supported by evidence in the record."

in which Defendants assert that "The Court Should Not Consider Any Purported Evidence Arising from Plaintiffs' Violation of Rules 26 and 37 of the Federal Rules of Civil Procedure," be DENIED.

After being served with a copy of this Report and Recommendation, any Party may, on or before July 1, 2022, serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and ORDERED** at Fort Lauderdale, Florida, this 27th day of June 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record