UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-60914-Dimitrouleas/Hunt

UMG Recordings, Inc.; Capitol Records, LLC;
Universal Music Corp.; Universal Music – Z
Tunes LLC; Universal Musica, Inc.; PolyGram
Publishing, Inc.; Songs of Universal, Inc.; and
Universal Music - MGB NA LLC,

       Plaintiffs,

v.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy,
and Jack Owoc, an individual,

       Defendants.
_____/

**PLAINTIFFS'** ***UNOPPOSED*** **MOTION FOR LEAVE TO FILE A**
***CORRECTED*** **DAUBERT MOTION CERTIFYING SATISFACTION OF**
**THE GOOD FAITH PRE-FILING CONFERRAL REQUIREMENT**

Plaintiffs respectfully request leave to file a *corrected* Daubert motion due to their inadvertent failure to include the certificate of good faith conferral required by Local Rule 7.1(a)(3) and to clarify that the pre-filing requirement was, indeed, satisfied.

1. Plaintiffs and Defendants conferred before filing their respective Daubert motions on July 1, 2022. The parties' conferral was memorialized, in part, by their joint motion filed on June 30, 2022 seeking to seal portions of the parties' forthcoming Daubert motions. (D.E. 179).

2. Despite the parties' conferral, Plaintiffs mistakenly omitted a certificate of conferral in their Daubert motion. (*See* D.E. 185). As a result, on July 5, 2022, this Court entered an Order denying Plaintiffs' motion. (D.E. 191).

3. Plaintiffs' counsel apologize for their oversight and regret that the Court needed to affirmatively raise the issue. Notwithstanding this error, Plaintiffs respectfully request leave to

file a *corrected* Daubert motion to include the required certification, such that their motion can be adjudicated on the merits.

4. Before filing this motion, Plaintiffs' counsel conferred with Defendants' counsel, who confirmed that they, too, consider Plaintiffs to have satisfied the pre-filing requirements set forth in Local Rule 7.1. Indeed, Plaintiffs and Defendants equally conferred about their respective Daubert motions at the same time. Defendants take "no position" as to whether Plaintiffs should be permitted to file a *corrected* Daubert motion.

5. Absent relief, Plaintiffs would be prejudiced by their counsel's failure to include a certificate of conferral when the conferral requirement was, indeed, satisfied. *See, e.g., Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010) (considering merits of motion in limine despite party's failure to comply with Local Rule 7.1 because it would "unfairly penalize the parties" for counsel's violations and would "create a risk of reversible error based on evidence which should have been excluded"); *Partners Biomedical Sols., LLC v. Saltsman*, 19-CV-81316, 2021 WL 1647891, at *2 (S.D. Fla. Apr. 27, 2021) (considering merits of motion despite party's inadvertent failure to comply with Local Rule 7.1 because it did not prejudice the opposing party).

**WHEREFORE**, Plaintiffs respectfully request leave to file a *corrected* Daubert motion.

## GOOD FAITH CONFERRAL

Plaintiffs' counsel certify that they conferred with Defendants' counsel about this motion on July 5 and 6, 2022. Defendants do not dispute that the parties met and conferred before filing their respective Daubert motions on July 1, 2022. Defendants "take no position regarding any motion to file a late certification."

Dated: July 6, 2022

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile: (786) 582-3004


*s/ James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
Brendan S. Everman
Florida Bar No. 68702
Tyler J. Rauh
Florida Bar No. 1023404
jsammataro@pryorcashman.com
beverman@pryorcashman.com
trauh@pryorcashman.com
ksuarez@pryorcashman.com
*Attorneys for Plaintiffs*