UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-60914-CIV-DIMITROULEAS/SNOW

UMG Recordings, Inc.; Capitol Records,
LLC; Universal Music Corp.; Universal
Music – Z Tunes LLC; Universal Musica,
Inc.; PolyGram Publishing, Inc.; Songs of
Universal, Inc.; and Universal Music – MGB
NA LLC,

       Plaintiffs,

v.

Vital Pharmaceuticals, Inc., *d/b/a* Bang
Energy; and Jack Owoc, an individual,

       Defendants.

_____

## ORDER ON PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiffs UMG Recordings, Inc.; Capitol

Records, LLC; Universal Music Corp.; Universal Music – Z Tunes LLC; Universal Musica, Inc.;

PolyGram Publishing, Inc.; Songs of Universal, Inc.; and Universal Music – MGB NA LLC

(collectively, "Plaintiffs")'s Motion for Partial Summary Judgment [DE 61/82 (sealed)]. The

Court has carefully considered the Motion, Defendants Vital Pharmaceuticals, Inc., d/b/a Bang

Energy ("Bang") and Jack Owoc ("Owoc") (collectively, "Defendants")'s Response [DE 128],

Plaintiffs' Reply [DE 135], Plaintiffs' Statement of Undisputed Material Facts [DE 83],

Defendants' Amended Response to Plaintiffs' Statement of Undisputed Material Facts and

Defendants' Statement of Additional Facts [DE 129], Plaintiffs' Response to Defendants'

Additional Facts [DE 136], evidence submitted in the record, Defendants' supplemental filing

[DE 200], and is otherwise fully advised in the premises. The Court held a hearing on the

Motion on July 8, 2022. *See* [DE 197].

1

## I. BACKGROUND

All statements in the Background section are derived from uncontested portions of the parties' respective Statements of Material Facts and supporting materials, unless otherwise noted.[1]

Plaintiffs UMG Recordings, Inc., ("UMG Recordings") and Capitol Records, LLC ("Capitol") (together, "Record Company Plaintiffs") are engaged in the business of producing sound recordings and distributing, selling, or licensing the reproduction, distribution, sale, preparation of derivative works based upon, and performance of their sound recordings in phonorecords (as defined in 17 U.S.C. § 101), in audiovisual works, and for streaming (i.e., performing) and downloading over the Internet and through other mediums. PSOF ¶ 1; DSOF ¶ 1.[2]   Plaintiffs Universal Music Corp. ("Universal Music"); Universal Music – Z Tunes LLC d/b/a Universal Music – Z Songs ("Z Tunes"); Universal Musica, Inc. d/b/a Universal-Musica Unica ("Musica Unica"); PolyGram Publishing, Inc. ("PolyGram"); Songs of Universal, Inc.

---

[1] On June 2, 2022, the Court entered an Order granting in part and denying in part Plaintiffs' Motion to Grant Motion for Partial Summary Judgment by Default, ruling as follows: "Upon careful consideration, the Court agrees with Plaintiffs that, despite multiple admonishments and additional opportunities, Defendants' third attempt at a Response to Plaintiffs' Statement of Undisputed Facts [DE 129] still contains deficient responses that fail to comply with Local Rule 56.1 and this Court's Orders. Vague responses which are not limited to the specific subject matter of that particular dispute and/or which fail to clearly identify admissible evidence with pinpoint citations are insufficient for Defendants to create a genuine dispute of material fact. Challenges to timeliness or completeness or other alleged deficiencies of Plaintiffs' discovery responses are insufficient for Defendants to create a genuine dispute of material fact. The Court determines that granting by default Plaintiff's Motion for Partial Summary Judgment [61/83] is too harsh of a sanction. Rather, in adjudicating Plaintiff's Motion for Partial Summary Judgment [61/82] the Court will deem admitted each of Plaintiffs' facts where Defendants' response is noncompliant, so long as Plaintiffs' facts are supported by evidence in the record." *See* [DE 133].  Additionally, on July 5, 2022, the Court entered an Order Approving Report of Magistrate Judge, whereby the Court held, in relevant part, that "[i] n analyzing the parties' summary judgment motions, the Court shall consider the evidence submitted by Plaintiffs regarding evidence of Plaintiffs' ownership of the copyrights at issue and evidence of the copyrighted works themselves." *See* [DE 190].

[2] Plaintiff's Plaintiffs' Statement of Undisputed Material Facts [DE 83], Defendants' Amended Response to Plaintiffs' Statement of Undisputed Material Facts and Defendants' Statement of Additional Facts [DE 129], and Plaintiffs' Response to Defendants' Additional Facts [DE 136] include various citations to portions of the record. Plaintiffs' Statement of Undisputed Material Facts [DE 83] is cited as "PSOF," Defendants' Amended Response to Plaintiffs' Statement of Undisputed Material Facts and Defendants' Statement of Additional Facts [DE 129] is cited as "DSOF," and Plaintiffs' Response to Defendants' Additional Facts [DE 136] is cited as "PRSOF."  Any citations herein to the statements of facts should be construed as incorporating those citations to the record.

("Songs of Universal"); and Universal Music - MGB NA LLC ("MGB NA") (collectively, "Music Publisher Plaintiffs") are music publishers engaged in the business of acquiring, owning, publishing, administering, licensing, and otherwise exploiting copyrights in musical compositions. PSOF ¶ 2; DSOF ¶ 2.  Plaintiffs' catalogs of copyrighted musical works are extremely valuable and encompass works composed or performed by an array of world-renowned songwriters and artists, including Ariana Grande, Billie Eilish, Drake, Diana Ross, Justin Timberlake, The Jackson 5, Justin Bieber, J. Balvin, The Beach Boys, Nicki Minaj, and Post Malone. PSOF ¶ 3; DSOF ¶ 3.

Defendant Vital Pharmaceuticals, Inc., d/b/a Bang Energy ("Bang") is an energy drink and sports nutrition supplement company. PSOF ¶ 4; DSOF ¶ 4.  Defendant Jack Owoc is Chief Executive Officer of Vital Pharmaceuticals, Inc. PSOF ¶ 5; DSOF ¶ 5.

Bang does not use "traditional" marketing—no print advertisements, billboards, television commercials, or digital ads like Google. PSOF ¶ 6; DSOF ¶ 6.  Bang uses only social media and experiential events for marketing, and Bang has a "successful" social media following. PSOF ¶ 7; DSOF ¶ 7. Bang gives consideration to social media influencers ("Bang Influencers"), some with tens of millions of followers, to market Bang's products in videos posted on various social media websites, including TikTok. PSOF ¶ 8; DSOF ¶ 8.  Bang owns the videos that Bang Influencers create under their agreement, either through a work for hire arrangement or assignment to Bang. PSOF ¶ 9; DSOF ¶ 9.

Bang Influencers have used copyrighted music in their TikTok videos. PSOF ¶ 10; DSOF ¶ 10.[3]  Bang also posts videos directly on its own TikTok accounts. PSOF ¶ 11; DSOF ¶ 11. Bang has four official TikTok accounts: (1) Bang Energy , (2) Vooz, (3) Redline Energy, and (4)

---

[3] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶10, and the Court finding that Plaintiffs' asserted undisputed fact ¶10 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶10. *See* [DE 133].

Meg Liz Swim.. PSOF ¶ 12; DSOF ¶ 12.  Bang's primary TikTok account (username

@bangenergy) was created sometime before March 2020. PSOF ¶ 13; DSOF ¶ 13. Bang has

posted videos utilizing Plaintiffs' copyrighted musical works on its official TikTok accounts.

PSOF ¶ 14; DSOF ¶ 14. [4]

Jack Owoc has an official TikTok account (username @bangenergy.ceo), which

references him as Bang's CEO. PSOF ¶ 15; DSOF ¶ 15.  Jack Owoc has posted videos utilizing

Plaintiffs' copyrighted musical works on his official TikTok account. PSOF ¶ 16; DSOF ¶ 16. [5]

Bang considers the Bang Influencers' videos to be advertisements for Bang and its

related products. PSOF ¶ 17; DSOF ¶ 17. [6]  Bang has a social media team that audits the Bang

Influencers' videos, including the music that plays with the videos, before the videos are posted.

PSOF ¶ 18; DSOF ¶ 18. [7]  As a condition for payment, Bang Influencers are instructed to submit

their videos to Bang's auditing team with links to any music, and it is the auditing team's

responsibility to ensure that the Bang Influencers' videos conform with Bang's Social Media

Guidelines for TikTok. PSOF ¶ 19; DSOF ¶ 19. [8]

The Social Media Guidelines are the only policies and procedures for evaluating the

Bang Influencers' videos. PSOF ¶ 20; DSOF ¶ 20.  In the Social Media Guidelines, Bang set

---

[4] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶14, and the Court finding that Plaintiffs' asserted undisputed fact ¶14 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶14. *See* [DE 133].

[5] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶16, and the Court finding that Plaintiffs' asserted undisputed fact ¶16 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶16. *See* [DE 133].

[6] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶17, and the Court finding that Plaintiffs' asserted undisputed fact ¶17 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶17. *See* [DE 133].

[7] Defendants' response to this asserted undisputed fact is: "Disputed in part. Bang's influencer content coordinators do not post videos from Bang influencers. (ECF No. 62-6 at 33:3-16.)" [DE 129] at ¶18.  This statement by Defendants does not "clearly challenge" the fact asserted by Plaintiffs in ¶ 18 and therefore does not create a genuine dispute of fact as to Plaintiffs' asserted fact. *See* Local Rule 56.1(a)(2).

[8] Defendants' response to this asserted undisputed fact is: "Disputed in part. Disputed that influencers are instructed to submit their videos a second time, for the secondary review process, in order to receive payment. (ECF No. 63-1 at 41:5–43:25.)" [DE 129] at ¶19.  This statement by Defendants does not "clearly challenge" the fact asserted by Plaintiffs in ¶ 19 and therefore does not create a genuine dispute of fact as to Plaintiffs' asserted fact. *See* Local Rule 56.1(a)(2).

forth specific rules for what Bang Influencers must include in their videos, including consuming

the product on camera, ensuring that the logo is facing the camera, and what to wear. PSOF ¶ 21;

DSOF ¶ 21.  The Social Media Guidelines also require Bang Influencers to "tag" both

Defendants in their TikTok posts "in order to receive compensation." PSOF ¶ 22; DSOF ¶ 22.  It

is "really important" to Bang that Bang Influencers tag Bang and Jack Owoc in their videos so

that Bang stays "relevant with [its] fans." PSOF ¶ 23; DSOF ¶ 23. [9]

Meg Owoc, Senior Director of Marketing at Bang, and Defendant Jack Owoc are the only

people who approved the 2019 Social Media Guidelines. PSOF ¶ 24; DSOF ¶ 24. [10]

Bang's Social Media Guidelines for 2020, 2021, and 2022 do not prohibit the use of copyrighted

music in Bang Influencers' videos posted on TikTok. PSOF ¶ 25; DSOF ¶ 25. Social Media

Guidelines for 2020, 2021, and 2022 do not address the use of copyrighted music in Bang

Influencers' videos posted on TikTok.  DSOF ¶ 64; PRSOF ¶ 64.  Meg Owoc did not ask Bang's

in-house legal team if Bang could use copyrighted music in its TikTok videos until after this

lawsuit was initiated. PSOF ¶ 27; DSOF ¶ 27. Bang's Influencer Agreement includes the

following term: "c. Elite further warrants that Content provided by Elite under this Agreement is

(i) not licensed from a third party, and (ii) original work(s) created and owned by Elite alone."

DSOF ¶ 63; PRSOF ¶ 63.

On December 3, 2020, in-house counsel for Plaintiffs told Gideon Eckhouse

("Eckhouse"), Bang's Chief Counsel for Intellectual Property, that Plaintiffs would "love to sort

out the attached list of unauthorized uses by Bang Energy for use on TikTok." PSOF ¶ 28; DSOF

---

[9] Defendants' response to this asserted undisputed fact is: "Disputed in part. Undisputed that it's important to Bang that influencers tag Bang and Jack Owoc in their videos. The tags do not cause Bang to stay relevant with its fans. (ECF No. 63-1 at 44:1–45:3.)" [DE 129] at ¶23.  However, the record evidence cited by Defendants affirms rather than contradicts the fact asserted by Plaintiffs in ¶ 23 and therefore does not create a genuine dispute of fact as to Plaintiffs' asserted fact. *See* Local Rule 56.1(a)(2).

[10] The Court agrees with Defendants that the evidence cited by Plaintiffs as to this asserted fact is limited to the 2019 Social Media Guidelines.

¶ 28. [11]  Six days later, Joan Cho, Plaintiffs' in-house counsel, sent an email to Eckhouse asking

him to preserve evidence relating to Bang's use of Plaintiff Universal's music. PSOF ¶ 29;

DSOF ¶ 29.[12]

Eckhouse made no attempt to ascertain whether Bang had any license to use Plaintiffs'

music. PSOF ¶ 31; DSOF ¶ 31. [13]  Eckhouse responded to Cho that Bang's "understanding is that

TikTok provides use of these songs and others with a license to all of its members. PSOF ¶ 32;

DSOF ¶ 32. "[14]

On January 22, 2021, Cho responded to Eckhouse, quoting language from TikTok's

terms and conditions: "No rights are licensed with respect to sound recordings and the musical

works embodied therein that are made available from or through the service." PSOF ¶ 33; DSOF

¶ 33.  Cho sent two follow up emails to Eckhouse in February 2021 but did not receive a

response from Eckhouse until February 19, when he said that Bang does "not agree with

[Plaintiffs'] claims or contentions." PSOF ¶ 34; DSOF ¶ 34.  Defendants never agreed to remove

the allegedly infringing TikTok Videos or otherwise discuss settlement of Plaintiffs' copyright

infringement claim. PSOF ¶ 35; DSOF ¶ 35. [15]

In September 2021, about five months after this litigation began, a well-known social

media influencer, Young Park p/k/a Q Park ("Park"), posted a TikTok video marketing Bang's

brand and product. PSOF ¶ 36; DSOF ¶ 36. [16]  Park's video used Plaintiffs' copyrighted music—

---

[11] The Court uses the wording cited in the record evidence rather than a rephrasing.

[12] The Court agrees with Defendants that the evidence cited by Plaintiffs as to this asserted fact is limited to Plaintiff Universal.

[13] Defendants' response to this asserted undisputed fact is: "Disputed. It was Mr. Eckhouse's understanding that Bang had a license. (ECF No. 63-3 at 107:10-108:9.)" [DE 129] at ¶31.  This statement by Defendants does not "clearly challenge" the fact asserted by Plaintiffs in ¶31 and therefore does not create a genuine dispute of fact as to Plaintiffs' asserted fact. *See* Local Rule 56.1(a)(2).

[14] The Court uses the wording cited in the record evidence rather than a rephrasing.

[15] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶35, and the Court finding that Plaintiffs' asserted undisputed fact ¶35 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶35. *See* [DE 133].  However, the Court agrees with Defendants that whether Plaintiffs were "forced" to file a lawsuit is not properly considered a fact.

[16] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶36, and the Court finding

"Baby Got Back" by Sir Mix a Lot. *Id.* Park's video was vetted and approved by Bang. PSOF ¶ 37; DSOF ¶ 37. [17]

Defendants posted approximately 140 TikTok videos with portions of Plaintiffs' copyrighted works, which are described by performing artist, title, date of posting, and Defendants' Bates Number (VPX-UMG). PSOF ¶ 38; DSOF ¶ 38. [18] After this lawsuit was filed, Defendants rendered the allegedly infringing TikTok videos publicly inaccessible. PSOF ¶ 39; DSOF ¶ 39. [19] Prior to Defendants making the subject videos inaccessible, Joan Cho and her team searched for and viewed the videos and prepared a chart with URL links for each video when the links were active. PSOF ¶ 40; DSOF ¶ 40. [20] Plaintiffs' production in this case included, but was not limited to, 92 videos downloaded or otherwise captured from TikTok at UMG000263- UMG000354. DSOF ¶ 59; PRSOF ¶ 59.  The videos linked in the chart in Exhibit D to Cho's declaration,[21] *see* [DE 58-4], used true reproduced, prepared derivative works, or publicly displayed Plaintiffs' Copyrighted Works as those works are identified by artist and title in the chart. PSOF ¶ 41; DSOF ¶ 41. [22] However, three (3) videos identified by Plaintiffs at

---

that Plaintiffs' asserted undisputed fact ¶36 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶36. *See* [DE 133].  However, the Court agrees with Defendants that the evidence submitted in support of this purported fact does not demonstrate that Defendants paid Park specifically to use Plaintiffs' copyrighted music.

[17] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶37, and the Court finding that Plaintiffs' asserted undisputed fact ¶37 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶37. *See* [DE 133].

[18] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶38, and the Court finding that Plaintiffs' asserted undisputed fact ¶38 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶38. *See* [DE 133].

[19] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶39, and the Court finding that Plaintiffs' asserted undisputed fact ¶39 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶39. *See* [DE 133]. However, the Court agrees with Defendants that the characterization of the subject videos as "infringing" is not properly considered a fact.

[20] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶40, and the Court finding that Plaintiffs' asserted undisputed fact ¶40 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶40. *See* [DE 133].

[21] The Declaration of Joan Cho [DE 58] and the Declaration of Stephen Dallas [DE 59] include testimony regarding copyright titles that are not included in the list of "Infringing Videos."  DSOF ¶¶ 55, 56; PRSOF ¶¶ 55, 56.

[22] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶41, and the Court finding that Plaintiffs' asserted undisputed fact ¶41 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶41. *See* [DE 133].

PSOF ¶ 38, VPX-UMG-011464, VPX-UMG-011468, VPX-UMG-011422, include no music but music title and artist name are included in the text that accompany the video posts. DSOF ¶ 59; PRSOF ¶¶ 59.

Plaintiffs have not authorized Defendants to reproduce, prepare derivative works, distribute, or publicly perform or display the videos referenced in PSOF ¶ 38 or in Exhibit D to Cho's declaration [DE 58-4]. PSOF ¶ 43; DSOF ¶ 43.  Nor did Plaintiffs authorize TikTok to permit end-users, such as Defendants, to make commercial reproductions or distributions of those videos. PSOF ¶ 43; DSOF ¶ 43.

The Music Publishing Plaintiffs own or control a total of sixty-two (62) Copyrighted Compositions at issue in this case. PSOF ¶ 44; DSOF ¶ 44. [23] The Music Publisher Plaintiffs own or control a combined twenty-three (23) copyrighted publishing works at issue by virtue of being a named claimant. PSOF ¶ 45; DSOF ¶ 45. [24] The Music Publisher Plaintiffs acquired ownership or an exclusive license to a combined nine (9) copyrighted publishing works at issue through acquisition of or merger with another entity. PSOF ¶ 46; DSOF ¶ 46. [25] The Music Publisher Plaintiffs acquired ownership or an exclusive license to a combined thirty (30) Copyrighted Compositions at issue from a third party. PSOF ¶ 47; DSOF ¶ 47. [26]

The Record Company Plaintiffs own or control a combined total of forty-three (43) Copyrighted Recordings at issue in this case. PSOF ¶ 48; DSOF ¶ 48. [27]  The Record Company

---

[23] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶44, and the Court finding that Plaintiffs' asserted undisputed fact ¶44 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶44. *See* [DE 133].

[24] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶45, and the Court finding that Plaintiffs' asserted undisputed fact ¶45 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶45. *See* [DE 133].

[25] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶46, and the Court finding that Plaintiffs' asserted undisputed fact ¶46 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶46. *See* [DE 133].

[26] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶47, and the Court finding that Plaintiffs' asserted undisputed fact ¶47 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶47. *See* [DE 133].

[27] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶48, and the Court finding

Plaintiffs own or control exclusive rights to twenty-five (25) combined Copyrighted Recordings at issue by virtue of being a named claimant. PSOF ¶ 49; DSOF ¶ 49. [28] The Record Company Plaintiffs own or control one sound recording ("Work" by Iggy Azalea) at issue by virtue of an exclusive license from a foreign affiliate. PSOF ¶ 50; DSOF ¶ 50. [29] The Record Company Plaintiffs own or control five (5) sound recordings at issue via acquiring ownership or an exclusive license through an acquisition of or merger with another entity. PSOF ¶ 51; DSOF ¶ 51. [30]  The Record Company Plaintiffs own or control nine (9) sound recordings at issue through ownership or an exclusive license from a third party. PSOF ¶ 52; DSOF ¶ 52. [31]  The Record Company Plaintiffs own or control three (3) sound recordings at issue created before 1972 for which there is no registration, and Plaintiffs filed schedules with the U.S. Copyright Office for two (2) of those sound recordings. PSOF ¶ 53; DSOF ¶ 53. [32]

Plaintiffs initiated this action on April 28, 2021. *See* [DE 1].  Plaintiffs sued Defendants for direct copyright infringement for videos posted on their own TikTok accounts (Counts I-II). Plaintiffs also asserted claims for contributory and/or vicarious infringement against Bang based on the videos posted by the Bang Influencers on their personal TikTok accounts (Counts III-IV).

---

that Plaintiffs' asserted undisputed fact ¶48 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶48. *See* [DE 133].

[28] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶49, and the Court finding that Plaintiffs' asserted undisputed fact ¶49 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶49. *See* [DE 133].

[29] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶50, and the Court finding that Plaintiffs' asserted undisputed fact ¶50 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶50. *See* [DE 133].

[30] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶51, and the Court finding that Plaintiffs' asserted undisputed fact ¶51 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶51. *See* [DE 133].

[31] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶52, and the Court finding that Plaintiffs' asserted undisputed fact ¶52 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶52. *See* [DE 133].

[32] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶53, and the Court finding that Plaintiffs' asserted undisputed fact ¶53 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶53. *See* [DE 133].

Plaintiffs now move for partial summary judgment in their favor as to the issue of liability. *See* [DE 61/82 (sealed)].

## II.  STANDARD OF REVIEW

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

## III.    DISCUSSION

In their Motion for Partial Summary Judgment, Plaintiffs contend that they are entitled to partial summary judgment in their favor as to liability for copyright infringement, as to their claims against Defendants for direct infringement (Counts I and II) and their claims against Bang for contributory and/or vicarious infringement (Counts III and IV) for the influencer videos.

A plaintiff asserting a copyright infringement claim must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). If ownership is established and "subjective determinations regarding the similarity between two works" are not required of the fact finder, then "summary judgment is appropriate" on a copyright infringement claim. *See Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enter.*, 533 F.3d 1287, 1302 (11th Cir. 2008) (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247 (11th Cir. 1999)).

Here, Plaintiffs contend that there is no genuine dispute as to either element of copyright infringement and therefore that they are entitled to partial summary judgment as to the issue of liability.  As set forth below, based upon the undisputed material facts, the evidence in the record, and the parties' arguments, Plaintiffs are entitled to partial summary judgment against Defendants as to the issue of liability as to their claims for direct infringement (Counts I and II). However, Plaintiffs are not entitled to summary judgment for their claims for contributory and/or vicarious infringement against Bang for the influencer videos (Counts III and IV).

*1. Plaintiffs Own or Control the Subject Copyrights*

As an initial matter, it is undisputed that Plaintiffs own and/or control valid copyrights for the Copyrighted Recordings and Copyrighted Compositions at issue in this case, as Plaintiffs have established ownership or an exclusive license for each of the subject copyrighted musical works. *See supra* PSOF ¶¶43-53; DSOF ¶¶43-53.

*2. Direct Infringement (Counts I & II)*

It is also undisputed that Defendants posted approximately 140 TikTok videos utilizing

portions of Plaintiffs' copyrighted works, which are described by performing artist, title, and date

of posting.  *See supra* PSOF ¶¶38, 40, 41; DSOF ¶¶38, 40, 41, 59; PRSOF ¶ 59; [DE 58-4].

"Courts have found that the unauthorized reproduction. distribution, and public performance of

sound recordings via the internet violates the Copyright Act." *UMG Recording, Inc. v. Escape*

*Media Grp., Inc.*, No. 11 CIV. 8407, 2014 WL 5089743, at *19 (S.D.N.Y. Sept. 29, 2014).

Therefore, in this case, the fact finder need not make any subjective determinations regarding the

similarity between two works to establish the second element of a copyright infringement claim,

copying of constituent elements of the work that are original. *See, e.g., UMG Recordings, Inc. v.*

*Grande Commc'ns Networks, LLC,* 384 F. Supp. 3d 743, 761 (W.D. Tex. 2019) (holding that "a

side-by-side comparison might be probative" where plaintiffs allege that their copyrights were

infringed by the creation of substantially similar, but not identical, derivative works, which might

raise a question of substantial similarity," but is not required where the plaintiffs are instead

asserting that their copyrights were infringed by distribution of exact copies of their works).

Both elements of a direct copyright infringement claim having been established based

upon the undisputed material facts, *see Feist Publ'ns*, 499 U.S. at 361, Plaintiffs are entitled to

partial summary judgment as to the issue of liability as to their claims for direct infringement

(Counts I and II).  "Copyright infringement is a strict liability offense, meaning the '[t]he

copyright owner need *not* prove any knowledge or intent on the part of the [d]efendant to

establish liability for copyright infringement.'" *Joe Hand Promotions, Inc. v. Phillips*, No. 19-

21723-CIV, 2020 WL 3404964, at *2 (S.D. Fla. June 19, 2020) (quoting *Playboy Enterprises,*

*Inc. v. Starware Pub. Corp.*, 900 F. Supp. 433, 436 (S.D. Fla. 1995)) (emphasis in original).

Accordingly, Defendants argument that they believed that TikTok gave them a license to use

Plaintiffs' copyrighted musical works is, at most, relevant to the issue of damages, not to the issue of liability.

### 3. Contributory and/or Vicarious Infringement (Counts III & IV)

It is also undisputed that the Bang Influencers posted eight TikTok videos utilizing Plaintiffs' copyrighted works, including: "Jingle Bell Rock" by Bobby Helms; "Pineapple" by Karol G; "Poof Be Gone" by KyleYouMadeThat; "Me Too" by Meghan Trainor; "Baby Got Back" by Sir Mix a Lot; "Dinero" by Tinidad Cardona; "Como La Flor" by Selena; and "ily (I Love You Baby)" by Surf Mesa. *See* PSOF ¶42; DSOF ¶42; [DE 58-4].[33]

In Counts III and IV Plaintiffs contend that Bang is also liable for contributory and/or vicarious copyright infringement for the influencer videos.  Count III is pled by the Record Company Plaintiffs against Bang and Count IV is pled by the Music Publisher Company Plaintiffs against Bang. *See* [DE 1] at ¶¶ 63-70; ¶¶71-78.  The Court addresses each of these secondary or indirect liability theories, in turn. However, the Court notes that "the Eleventh Circuit recognizes that there are no clear distinctions between these various theories of liability. *Michael Grecco Prods., Inc. v. RGB Ventures, LLC*, No. 3:16-CV-1335-J-34PDB, 2017 WL 4077045, at \*5 (M.D. Fla. Sept. 14, 2017) (citing *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987) (quoting *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984) ("[T]he lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn.")).

### a. Contributory Copyright Infringement for the Influencer Videos

---

[33] Whether the videos in the chart [DE 58-4] posted by Bang Influencers *remain active* on TikTok cannot be determined by reviewing [DE 58-4] itself, which is why PSOF ¶42 is not included in the undisputed material facts in the background section, *supra*.  However, [DE 58-4] is sufficient to establish at summary judgment the material fact that Bang Influencers posted eight TikTok videos utilizing Plaintiffs' copyrighted works, and Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶42 fails to create a genuine dispute of material fact as to this undisputed fact. *See* [DE 133].

"One infringes contributorily by intentionally inducing or encouraging direct

infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

*See also Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1242 n.6 (11th Cir. 2014) ("A claim

of contributory copyright infringement arises against one who intentionally induces or

encourages the direct infringement of another."). *See, e.g., Michael Grecco Prods.*, 2017 WL

4077045, at *5 (allegations, taken together, of providing the means for the third-party

distributors to infringe plaintiff's copyrights, actually assisting in the distribution of the

copyrighted material pursuant to its marketing and sub-license agreements with the third-party

distributors, and failing to act to prevent further infringement when it was in a position to do so,

sufficient to state a plausible claim for contributory infringement).

In the present case, Plaintiffs argue that Bang is liable for contributory copyright

infringement because the undisputed facts demonstrate that Bang intentionally induced and

encouraged the Bang Influencers to create and post videos on TikTok promoting Bang's

products and incorporating Plaintiffs' copyrighted music. In support, Plaintiffs cite to the

following undisputed facts:

Bang considers the Bang Influencers' videos to be advertisements for Bang and its

related products. PSOF ¶ 17; DSOF ¶ 17. [34]  Bang has a social media team that audits the Bang

Influencers' videos, including the music that plays with the videos, before the videos are posted.

PSOF ¶ 18; DSOF ¶ 18. [35]  As a condition for payment, Bang Influencers are instructed to submit

their videos to Bang's auditing team with links to any music, and it is the auditing team's

---

[34] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶17, and the Court finding that Plaintiffs' asserted undisputed fact ¶17 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶17. *See* [DE 133].

[35] Defendants' response to this asserted undisputed fact is: "Disputed in part. Bang's influencer content coordinators do not post videos from Bang influencers. (ECF No. 62-6 at 33:3-16.)" [DE 129] at ¶18.  This statement by Defendants does not "clearly challenge" the fact asserted by Plaintiffs in ¶ 18 and therefore does not create a genuine dispute of fact as to Plaintiffs' asserted fact. *See* Local Rule 56.1(a)(2).

responsibility to ensure that the Bang Influencers' videos conform with Bang's Social Media

Guidelines for TikTok. PSOF ¶ 19; DSOF ¶ 19. [36]  The Social Media Guidelines are the only

policies and procedures for evaluating the Bang Influencers' videos. PSOF ¶ 20; DSOF ¶ 20.  In

the Social Media Guidelines, Bang set forth specific rules for what Bang Influencers must

include in their videos, including consuming the product on camera, ensuring that the logo is

facing the camera, and what to wear. PSOF ¶ 21; DSOF ¶ 21.  The Social Media Guidelines also

require Bang Influencers to "tag" both Defendants in their TikTok posts "in order to receive

compensation." PSOF ¶ 22; DSOF ¶ 22.

In response, Bang argues that, even if the foregoing were undisputed, Plaintiffs' claim for

contributory infringement fails because Bang has introduced evidence that Defendants have no

part in the production of third-party influencer videos and do not select or have any input

regarding the selection of music included in influencers' TikTok videos.[37]

In reply, Plaintiffs do not meaningfully respond to this argument in the context of

contributory infringement, and instead conflate it with the theory of vicarious infringement, as

follows:

> Bang contends that it cannot be indirectly liable for the Influencer Videos because
> it did not produce the videos or select the music. (See Opp. 10). However, "vicarious
> liability may exist even if the third party was in no way directly involved in the actual
> copying." *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 384 (S.D.N.Y. 2016)
> (citing *Ez–Tixz, Inc. v. Hit–Tix, Inc.*, 919 F. Supp. 728, 733 (S.D.N.Y. 1996)). Thus,
> Bang can be liable even if the Bang Influencers produced the videos and selected the
> music.

---

[36] Defendants' response to this asserted undisputed fact is: "Disputed in part. Disputed that influencers are instructed
to submit their videos a second time, for the secondary review process, in order to receive payment. (ECF No. 63-1
at 41:5–43:25.)" [DE 129] at ¶19.  This statement by Defendants does not "clearly challenge" the fact asserted by
Plaintiffs in ¶ 19 and therefore does not create a genuine dispute of fact as to Plaintiffs' asserted fact. *See* Local
Rule 56.1(a)(2).

[37] Bang cites to its statement of material facts from its own summary judgment motion. *See* [DE
128] at p. 10 (citing to [DE 62] at ¶28, which in turn, cites to Meg Owoc's Declaration [DE 62-
1] at ¶17).

[DE 135] at p. 5.  Because Plaintiffs failed to respond to Bang's argument and evidence directed at the theory of contributory copyright infringement, the Court finds Plaintiffs are not entitled to summary judgment as to their theory of contributory copyright infringement against Bang in Counts III and IV.

### b. Vicarious Copyright Infringement for the Influencer Videos

"One infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citations omitted).  Vicarious infringement requires both a direct financial benefit from the direct infringement and the "right and ability to supervise a party responsible for direct infringement." *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 7272974, at *5 (S.D. Fla. Dec. 18, 2014) (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) "[T]o succeed in imposing vicarious liability, a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement.... [T]he 'control' element [is satisfied by a plaintiff showing that] a defendant ... has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."). "[V]icarious liability may exist even if the third party was in no way directly involved in the actual copying." *Rams v. Def Jam Recordings, Inc.*, 202 F. Supp. 3d 376, 385 (S.D.N.Y. 2016).

Here, Plaintiffs argue that the undisputed facts demonstrate both requirements – requisite control and direct financial benefit – and therefore that Bang is liable for vicarious copyright infringement.

First, regarding Bang's alleged failure to exercise a right to stop or limit the Bang Influencer's direct infringement, Plaintiffs argue Bang knew or should have known about the Bang Influencer's infringement since it had the right to review each Influencer Video before it

was posted and Bang had the ability to refuse to pay any Bang Influencers who posted videos

containing infringing music, but failed to do so. Specifically, Plaintiffs point out that Bang has a

social media team that audits the Bang Influencers' videos, including the music that plays with

the videos, before the videos are posted. PSOF ¶ 18; DSOF ¶ 18.   And, as a condition for

payment, Bang Influencers are instructed to submit their videos to Bang's auditing team with

links to any music, and it is the auditing team's responsibility to ensure that the Bang

Influencers' videos conform with Bang's Social Media Guidelines for TikTok. PSOF ¶ 19;

DSOF ¶ 19.   Plaintiffs contend that Bang had the right to stop or limit the infringement by

refusing to approve videos and refusing to pay the Bang Influencers, citing to PSOF ¶ 22; DSOF

¶ 22 (The Social Media Guidelines also require Bang Influencers to "tag" both Defendants in

their TikTok posts "in order to receive compensation."), evidencing that Bang has a right to

withhold compensation for failure to comply with Bang's policies, and Bang declined to do so.

Plaintiffs also assert that Bang did not even attempt to stop the Bang Influencers from using

Plaintiffs' copyrighted music after this lawsuit was filed and that, as a result, the Bang

Influencers continued to infringe Plaintiffs' copyrights in their videos promoting Bang's

products.  Plaintiffs cite the undisputed fact that in September 2021, about five months after this

litigation began, a well-known social media influencer, Young Park p/k/a Q Park ("Park"),

posted a TikTok video marketing Bang's brand and product. PSOF ¶ 36; DSOF ¶ 36. [38]  Park's

video used Plaintiffs' copyrighted music—"Baby Got Back" by Sir Mix a Lot. *Id.*  Plaintiffs note

that it is undisputed that Park's video was vetted and approved by Bang, *see* PSOF ¶ 37; DSOF ¶

37[39], despite Bang's ability to decline to approve Influencer videos prior to their publication.

---

[38] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶36, and the Court finding
that Plaintiffs' asserted undisputed fact ¶36 is supported by evidence in the record, the Court will deem admitted
Plaintiffs' fact ¶36. *See* [DE 133].  However, the Court agrees with Defendants that the evidence submitted in
support of this purported fact does not demonstrate that Defendants paid Park specifically to use Plaintiffs'
copyrighted music.
[39] Based upon Defendants' noncompliant response to Plaintiffs' asserted undisputed fact ¶37, and the Court finding

In response, Bang argues that Plaintiffs present no evidence that would tend to establish that Defendants have any sort of legal right, let alone practical ability, to stop influencers from posting the allegedly infringing videos.  Based upon the undisputed material facts referenced in the preceding paragraph, the Court disagrees. The Court finds that Plaintiffs have met their burden at summary judgment as to the requisite control element of vicarious infringement claim based on Bang's failure to exercise its right to stop or limit the Bang Influencer's direct infringement.

The second element of a vicarious infringement claim is direct financial benefit. For purposes of vicarious liability, a financial benefit does not have to be "substantial." *Rams*, 202 F. Supp. 3d at 385 (citing *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)). "Financial benefit exists where the availability of infringing material 'acts as a draw for customers.'" *Id.* (quoting *A & M Records, Inc. v. Napster Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001)).

Plaintiffs state in their summary judgment motion, without citing to any record evidence, that "Bang has profited from the Influencer Videos by dramatically expending its social media reach and increasing its profits." [DE 82] at p. 11.  In response, Bang points out that Plaintiffs fail to present evidence that indicates how, or even that, Bang received any financial benefit as a result of the eight (8) third-party videos that infringe Plaintiffs' copyrights.  In reply, Plaintiffs argue for the first time that, while the exact amount of damage caused by the Influencer Videos will be established at trial (including through expert testimony), Plaintiffs have ample evidence that Bang received direct financial benefit from the Influencer Videos, and then go on for the first time in their reply brief to point to such evidence.[40] Because Plaintiffs failed to raise these

---

that Plaintiffs' asserted undisputed fact ¶37 is supported by evidence in the record, the Court will deem admitted Plaintiffs' fact ¶37. *See* [DE 133].

[40] Plaintiff states, with no record citation, that the Influencer Videos have been viewed and liked millions of times. Next, Plaintiffs point to evidence cited in Plaintiffs' Response to Defendants' Statement of Material Facts [DE 98], which is entirely outside of the scope of briefing the instant

arguments and evidence in Plaintiffs' motion for summary judgment in support of the required

element of direct financial benefit for Plaintiffs' vicarious infringement claim, they are

impermissible and will not be considered at this juncture. *See, e.g. Herring v. Secretary,*

*Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly

admonished, arguments raised for the first time in a reply brief are not properly before a

reviewing court.") (internal quotes omitted).

Based on the foregoing, Plaintiffs have not established the second element of a vicarious

infringement claim, direct financial benefit. Accordingly, Plaintiffs are not entitled to summary

judgment as to their theory of vicarious copyright infringement in Counts III and IV.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial

Summary Judgment [DE 61/82 (sealed)] is **GRANTED IN PART AND DENIED IN PART** as

follows:

1.    As to Counts I and II: Plaintiffs are entitled to partial summary judgment as to the
issue of liability on their claims against Defendants for direct infringement;

2.    As to Counts III and IV:

(a) With regard to the theory of Contributory Copyright Infringement for the

Influencer Videos against Bang, Plaintiffs are not entitled to summary judgment.

(b) With regard to the theory of Vicarious Copyright Infringement for the

---

motion, Plaintiffs' Motion for Partial Summary Judgment [DE 61/82 (sealed)] to submit that (1) Bang's revenue and brand power increased due to its use of popular music on TikTok in its videos, including Defendants' use of Plaintiffs' copyrighted works in Defendants' TikTok videos and (2) Bang saved a substantial amount of money by failing to pay five-figure license fees to use Plaintiffs' famous copyrighted musical works in their advertisements. Plaintiffs also note that the influencer agreements reveal that Bang pays a 15% commission to its influencers on all sales of Bang's products sold with that influencer's discount code and argue that Bang therefore is aware of revenue directly generated by the Bang Influencers.

Influencer Videos against Bang, Plaintiffs are not entitled to summary judgment

for failure to meet their burden as to the direct financial benefit element.

However, Plaintiffs have established at summary judgment the requisite control

element of their vicarious infringement claim.


**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 11th day of July, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge


Copies to:
Counsel of record