UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1-21-cv-60914- WPD/Hunt

UMG Recordings, Inc; Capital Records, LLC:
Universal Music Corp.: Universal Music - Z
Tunes, LLC; Universal Musica, Inc.; PolyGram
Publishing, Inc.; Song of Universal, Inc.; and
Universal Music - MGB NA LLC,

      Plaintiffs,

v.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy;
and Jack Owoc, an individual,

      Defendants.

_____

## DECLARATION OF KEVIN M. LONG IN SUPPORT
## OF MOTION TO COMPEL DEPOSITION

I, Kevin M. Long, declare as follows:

  1. I am counsel of record for the Defendants, Vital Pharmaceuticals, Inc. d/b/a Bang Energy and Jack Owoc ("Defendants") in this matter and make this declaration upon personal knowledge being duly authorized to do so.

  2. I am a partner at the law firm of Quarles & Brady, LLP.  In June, 2022 Quarles & Brady, LLP became involved in discussions with the Defendants in this case respecting Quarles & Brady taking over representation of the Defendants in this matter in place of the law firm of Gordon Rees Scully Mansukhani, LLP.

  3. My partner Joseph Thomas Kohn entered a Notice of Appearance on behalf of Defendants for this matter on June 13, 2022.  Docket Entry 145.  On June 16, 2022, I filed a motion to appear *pro hac vice*, consented designation and request to receive filing notices

QB\74937915.1

electronically in this matter.  Docket entry 151.  On that same day, Court issued an order granting that motion.  Docket Entry 157.

4. Upon becoming involved in the case, I was informed that there were a number of discovery disputes, several which revolved around the belief by the Plaintiffs that the Defendants were not sufficiently cooperating in terms of producing witnesses for deposition.  In particular, the depositions of Meg Liz Owoc was a matter of significant dispute.

5. It was my intention with the consent of my client to attempt to strike a cooperative tone with opposing counsel as it relates to discovery and logistical matters.  This included, in particular, cooperation with respect to the scheduling of depositions.

6. I was informed by predecessor counsel that deposition dates for the depositions of Plaintiffs' experts John G. Plumpe and Valerie Folkes had been requested by Defendants.

7. Upon Quarles & Brady's entry into the case, we reiterated the desire to take the depositions of Plaintiffs' experts John G. Plumpe and Valerie Folkes, and requested that counsel for the Plaintiffs provide us dates when those witnesses would be made available for deposition.  I believe this occurred in several discussions, but know that it occurred in a meet and confer on several discovery issues which took place on June 16.

8. Attached as **Exhibit A** is an email exchange between counsel respecting scheduling issues, including the meet and confer session that occurred on June 16.  On June 17, Plaintiffs' counsel indicated that Ms. Folkes could be available for a deposition on either June 27 or July 1, but did not provide any information with respect to Mr. Plumpe.

9. Shown on **Exhibit A**, Defendants indicated that they were available for Ms. Folkes' deposition on July 1, 2022.

2

10. In the companion case, *Sony, et al. v. Vital Pharmaceuticals, Inc., et al.*, S. D. Fla. Case No. 21-CV022825, Magistrate Beccera at the Plaintiffs' insistence, ordered on June 15 and 23, 2022 that the deposition of Meg Liz Owoc take place on July 1, 2022.  **See Exhibit C.** Plaintiffs' counsel James Sammataro took the deposition of Ms. Owoc on July 1, making Plaintiffs unavailable to produce Ms. Folkes for deposition in this case on that date.

11. Attached as **Exhibit B** is another email dialogue among counsel related to scheduling issues.  Shown in that email dialogue the Defendants indicated on June 25 availability to take Ms. Folkes' and Mr. Plumpe's deposition on any of the following dates:  July 1, July 5, July 7 or July 11-15, 2022.

12. On June 26, 2022 counsel for UMG responded indicating "I am obtaining availability of witnesses based on the dates below, and will get back to you."

13. Between June 26 and July 12, I had intermittent contact via email and phone with counsel for UMG regarding various discovery issues.  At no time in any of those discussions did counsel indicate any unavailability of their expert witnesses or unwillingness to provide their expert witnesses for a deposition for any reason.

14. On July 12, 2022 counsel for UMG and I participated in telephonic conference regarding a number of discovery issues.  In that conference for the first time, counsel for UMG indicated that they were refusing to produce their expert witnesses for deposition taking the position that because the *Daubert* motion deadline had passed, depositions of experts were no longer warranted.

15. On July 14, 2022, after efforts to resolve this discovery dispute and agree upon a date for the depositions of Ms. Folkes and/or Mr. Plumpe were unsuccessful, I sent via email and U.S. Mail the letter attached as **Exhibit D** to Plaintiffs' counsel noticing the depositions of Ms.

Folkes for August 2, 0222 and the deposition of Mr. Plumpe for August 3, 2022. In that letter, I wrote "We are certainly amenable to holding the depositions of these witnesses on different dates move convenient to you."

16. In communication on July 15, and July 18, 2022, Plaintiffs reaffirmed their refusal to voluntarily produce their experts for deposition in this matter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Milwaukee, Wisconsin.

Dated: July 19, 2022

/s/ Kevin M. Long

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 19, 2022, the foregoing document was electronically served upon all counsel of record.

/s/ Kevin M. Long

QB\74937915.1