UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-60914-Dimitrouleas/Hunt

UMG Recordings, Inc.; Capitol Records, LLC;
Universal Music Corp.; Universal Music – Z
Tunes LLC; Universal Musica, Inc.; PolyGram
Publishing, Inc.; Songs of Universal, Inc.; and
Universal Music - MGB NA LLC,

        Plaintiffs,
v.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy,
and Jack Owoc, an individual,

        Defendants.
_____/

## PLAINTIFFS' VERIFIED MOTION FOR ATTORNEYS' FEES

Plaintiffs, UMG Recordings and Capitol Records, LLC (*f/k/a* Capitol Records, Inc.) Universal Music Corp., Universal Music – Z Tunes LLC, Universal Musica, Inc., PolyGram Publishing, Inc., Songs of Universal, Inc. and Universal Music - MGB NA LLC (collectively, "Plaintiffs") submit this motion pursuant to S.D. Fla. Local Rule 7.3(a) and the Court's May 23, 2022 Omnibus Order (D.E. 116) granting Plaintiffs' requests for attorneys' fees and costs associated with Plaintiffs' Motion to Compel and for Sanctions (D.E. 40) and Motion to Compel the Deposition of Defendant Jack Owoc (D.E. 48) (collectively, the "Discovery Motions").

### INTRODUCTION

Plaintiffs seek attorneys' fees in the amount of $27,373.50.[1]  These fees are associated with, among other things, researching and drafting the Discovery Motions and the supporting reply briefs.  The fees are reasonable and were incurred only because "Plaintiffs were required to file

---

[1] Plaintiffs are not seeking to recover their costs.

two additional Motions to Compel in order to obtain discovery which the Court had previously ordered to be produced." (D.E. 116 at 7). The fees were entirely unavoidable and were incurred solely because of the Defendants' obstinate refusal to comply with this Court's Orders. Accordingly, the Court should order Defendants to pay $27,373.50.

## PROCEDURAL BACKGROUND

Plaintiffs filed their first motion to compel discovery on January 10, 2022. (D.E. 29). The Court granted that motion but denied Plaintiffs' request for attorneys' fees and costs. (D.E. 33). The Order compelled Defendants to produce documents, supplement interrogatory responses, and provide a deposition date for defendant Jack Owoc ("Owoc") by February 25, 2022. (D.E. 33 at 9–10).

Defendants did not meet the February 25, 2022 deadline or request an extension. (*See* D.E. 41 at 1). Instead, Defendants unilaterally decided to produce documents and to supplement interrogatories on a rolling basis with no definitive end date. Defendants also steadfastly refused to produce Owoc for deposition. (*See, e.g.,* D.E. 141 at ¶ 6). Despite Defendants' failure to comply with the Court's Order, Plaintiffs engaged in extensive good faith conferrals in an attempt to avoid further motion practice. Unfortunately, Plaintiffs' time and energy did not result in Defendants' compliance with the Court's Order, forcing Plaintiffs to file the Discovery Motions (D.E. 40, 48) to compel Defendants to comply with the Court's initial order (D.E. 33).

Rather than acknowledging their irrefutable failure to comply with the Court's order (D.E. 33), Defendants *opposed* the Discovery Motions (D.E. 41, 57), thereby requiring Plaintiffs to prepare replies (D.E. 42, 84). The Court ultimately granted both Discovery Motions and determined that Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in bringing the Discovery Motions. (D.E. 116 at 12–13).

**ARGUMENT**

I. **Legal Standard**

"At bottom, a reasonable attorney's fees award is determined by multiplying hours reasonably expended by a reasonable hourly rate." *Vital Pharm., Inc. v. Pepsico, Inc.*, Case No. 21-13167, 2022 WL 2066406, at *6 (11th Cir. June 8, 2022) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Assuming the Court gives "principled reasons" and "show[s] its calculations," it has "wide discretion" in determining the appropriate amount of fees. *See id.*

A party entitled to attorneys' fees is allowed "a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Hensley v. Eckerhart*, 461 U.S. 424, 435 n. 11 (1983). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. Reasonable time includes hours spent reviewing "the record and pleadings," conducting "legal research," and "briefing." *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute & Shareholders Derivative Litig.*, Case No. 08-01916-MD, 2020 WL 7388884, at *3 (S.D. Fla. Apr. 30, 2020).

A reasonable rate is generally determined by the market standard. *See Hensley*, 461 U.S. at 447.[2] On June 8, 2022, the Eleventh Circuit endorsed a district court's finding that a range of

---

[2] In determining current market rates, recent authority is the most appropriate comparison due to the rapid expansion of the South Florida legal market. *See* Sheri Michaels et al., *The South Florida Legal Market is Hot, Hot, Hot*, BLOOMBERG LAW (March 24, 2022, 4:00 AM), https://news.bloomberglaw.com/antitrust/the-south-florida-legal-market-is-hot-hot-hot; Sara Merken, *Miami market stays hot for law firms as Sidley makes new hires*, REUTERS (May 17, 2022, 10:23 AM), https://www.reuters.com/legal/legalindustry/miami-market-stays-hot-law-firms-sidley-makes-new-hires-2022-05-16/ (listing many well-known law firms that recently opened offices in Miami, Florida).

$425 to $725 per hour is appropriate for South Florida attorneys. *See Vital Pharm., Inc.*, 2022 WL 2066406, at *2 n. 1. Because Plaintiffs' counsel's charged rates are consistent with rates already deemed reasonable for the market, the Court should award Plaintiffs the fees actually charged.

II.     **Local Rule 7.3(a) Disclosures**

   A.    **Identity, Experience, and Qualifications of Timekeepers**.

   Four timekeepers were involved in prosecuting the Discovery Motions: James Sammataro, Brendan Everman, Jessica Rosen, and Tyler Rauh. A description of their experience and qualifications is attached as **Exhibit 1**.

   B.    **Terms of Fee Agreement and Hourly Rates**.

   Plaintiffs' counsel's fee agreement is an hourly arrangement in which Plaintiffs receive (significantly) discounted rates based on the parties' historical relationship and a certain volume of annual work. By way of example, Plaintiffs' counsel's standard hourly rates are $870 for Mr. Sammataro, $590 for Mr. Everman, $530 for Ms. Rosen, and $485 for Mr. Rauh. However, the discounted hourly rates charged in this case were 25% less, resulting in a range of $363.75 (Mr. Rauh) to $652.50 (Mr. Sammataro) per hour.

   C.    **Number of Hours and Description of Task**

   The timekeepers spent a total of 63.7 hours in connection with the issues involved with the Discovery Motions. The pertinent portions of the invoices are attached as **Exhibit 2**.

   D.    **Amount Sought**

   Plaintiffs are seeking a total of $27,373.50 in fees associated with the Discovery Motions. Based on the 63.7 hours billed and the 25% discount, the average blended hourly rate is $429.73.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.3(b), Plaintiffs conferred with Defendants in a good faith effort to resolve by agreement the issues raised in this motion. In particular, Plaintiffs served a draft motion compliant with Local Rule 7.3(a)(1)–(8) on June 22, 2022. The parties subsequently conferred by email and phone on July 21, 2022, but were unable to resolve the motion.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Executed in Miami, Florida on July 22, 2022.

/s/ *James G. Sammataro*
James G. Sammataro

Dated: July 22, 2022

Respectfully submitted,

**PRYOR CASHMAN LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3010
Facsimile: (786) 582-3004

*s/ James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
Brendan S. Everman
Florida Bar No. 68702
Tyler J. Rauh
Florida Bar No. 1023404
jsammataro@pryorcashman.com
beverman@pryorcashman.com
trauh@pryorcashman.com
ksuarez@pryorcashman.com
*Attorneys for Plaintiffs*