**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:21-cv-60914-Dimitrouleas/Hunt

UMG Recordings, Inc.; Capitol Records, LLC;
Universal Music Corp.; Universal Music – Z
Tunes LLC; Universal Musica, Inc.; PolyGram
Publishing, Inc.; Songs of Universal, Inc.; and
Universal Music - MGB NA LLC,

        Plaintiffs,

v.

Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy,
and Jack Owoc, an individual,

        Defendants.
_____/

## MOTON IN LIMINE REGARDING OTHER UNDISCLOSED EXPERT OPINIONS

Pursuant to F.R.E. 402, 403, Fed.R.Civ.P 26(a)(2)(B)(i) and 37(c)(1) and this Court's Scheduling Order (D.E. 39), Defendants Vital Pharmaceuticals, Inc. *d/b/a* Bang Energy ("Bang") and Jack Owoc (collectively, "Defendants") hereby move this Court to exclude any statement of opinion offered by any expert that is not disclosed in that expert's report provided pursuant to Fed.R.Civ.P. 26 26(a)(2)(B)(i).

"'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). Moreover, "an expert report must be complete such that 'opposing counsel is not forced to depose an expert in order to avoid ambush

QB\75108627.1

at trial; and ... the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" <u>Dyett v.North Broward Hosp. Dist.</u>, 2004 WL 5320630 * 1 (S.D. Fla. Jan. 21, 2004) (quoting <u>Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998)(citation omitted)).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" <u>Dyett</u>, 2004 WL 5320630 at *2 (quoting <u>Salgado</u>, 105 F.3d at 742).

Here, to be clear, no violation of Rule 26(a) has yet occurred. However, should an expert begin providing expert opinion outside the areas disclosed in his or her report, it would be a clear violation. Accordingly, this motion is brought to ensure compliance with the Rule and avoid prejudicing the jury, and in the worst case, a mistrial. In the process of counsel conferring on July 29, 2022 about this motion pursuant to Local Rule 7.1(3), counsel for Plaintiffs reserved all plaintiff's rights respecting the motion, but did not indicate that they necessarily opposed the motion.

Accordingly, for all these reasons, Defendants ask the Court to issue an order precluding any expert witness form providing any opinion testimony not timely disclosed in his or her report.

Dated: July 29, 2022.

Respectfully submitted,

**QUARLES & BRADY LLP**
1395 Panther Lane, Suite 300
Naples, Florida  34109
(239) 434-4946 Telephone
(239) 213-5599 Facsimile

By: /s/ *Joseph T. Kohn*
Joseph T. Kohn, Florida Bar No. 113869
Kevin M. Long, *pro hac vice*
Johanna M. Wilbert, *pro hac vice*
Joel E. Tragesser, *pro hac vice*
Shauna D. Manion, *pro hac vice*
Peter P. Klepacz, *pro hac vice*
joseph.kohn@quarles.com
kevin.long@quarles.com
johanna.wilbert@quarles.com
joel.tragesser@quarles.com
shauna.manion@quarles.com
peter.klepacz@quarles.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2022, I caused to be electronically filed foregoing with the Clerk of the Court by using CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Joseph T. Kohn*

Joseph T. Kohn