UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-60914-CIV-DIMITROULEAS/HUNT

UMG Recordings, Inc.; Capitol Records,
LLC; Universal Music Corp.; Universal
Music – Z Tunes LLC; Universal Musica,
Inc.; PolyGram Publishing, Inc.; Songs of
Universal, Inc.; and Universal Music – MGB
NA LLC,

                       Plaintiffs,

v.

Vital Pharmaceuticals, Inc., *d/b/a* Bang
Energy; and Jack Owoc, an individual,

                       Defendants.

_____/

## **<u>ORDER</u>**

THIS MATTER is before this Court upon Defendants' Objection to, Appeal From, and Request for Clarification of Magistrate Judge's Order on Sanctions. ECF No. 268. The Honorable William P. Dimitrouleas referred Defendants' request for clarification to the undersigned. ECF No. 269; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1.  The undersigned now clarifies the previous Order.

In ruling on Plaintiffs' Motion for spoliation sanctions regarding approximately 100 videos that Defendants failed to adequately preserve, the undersigned found that:

> should Plaintiffs adequately demonstrate ownership of the songs at issue, Plaintiffs are entitled to a rebuttable presumption that the videos in question contained the music in question, and that Defendants are liable for its use. Plaintiffs are also entitled to a rebuttable presumption that the videos had the same reach as an average or comparable post by the account on which the video was posted.

ECF No. 261 at 8.

Defendants, in their request for clarification, note that thirty-eight (38) of these videos were, in fact, found and turned over prior to the issuance of the Order on spoliation sanction.    Defendants now request this Court to "clarify if the inference that these 38 videos have the same reach as an average or comparable post by the specific account that posted the allegedly infringing video, should be applied even though the videos, along with reach information have now been found and produced."  ECF No. 268 at 4.

The undersigned now clarifies that the liability presumption does not apply if Defendants turned over the allegedly infringing video prior to the issuance of the Order, and the reach presumption likewise does not apply if Plaintiffs were given the actual reach data prior to that Order.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 30th day of August 2022.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record